UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CINTHIA THEVENIN, individually, and as wife of
EDSON THEVENIN, Decedent, and as
Administratrix of the Estate of EDSON THEVENIN, and as
mother and natural guardian of Infant N.T.
and as mother and natural guardian of Infant Z.T,

                      Plaintiffs,

    -against-

THE CITY OF TROY, and SERGEANT RANDALL
FRENCH,

                      Defendants.
------------------------------------------------------------------------X

**DOCKET NO:**
1:16-cv-1115 (NAM/DJS)

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs, by their attorneys, Hach & Rose, LLP and Harfenist Kraut & Perlstein, LLP, complaining of the defendants, allege, upon information and belief, as follows:

## INTRODUCTION

1. This action seeks redress for the death of Edson Thevenin, who died after being subjected to the use of excessive force and deadly force by Sergeant Randall French, a police officer employed by the City of Troy Police Department. As Mr. Thevenin was improperly subjected to excessive and deadly force in violation of his rights under the Fourth and Fourteenth amendments to the United States Constitution, as well as New York State law, the plaintiff brings claims against the individual defendant pursuant to 42 U.S.C. § 1983 and New York State law for money damages as well claims against the City of Troy under New York State Law and pursuant to 42 U.S.C. §1983 for failing to train and supervise the individual defendant.

1

2. Put simply, French, in his individual and official capacities, assaulted, used excessive and deadly force, and shot the now deceased Edson Thevenin, causing his life to end and causing severe physical harm, extreme pain and suffering prior to his death, all in violation of his constitutional and civil rights.

**JURISDICTION & VENUE**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343(3) and (4) as the claims in this case arise under questions of Federal law for violations of the plaintiff's Fourth and Fourteenth Amendment, Court has jurisdiction of this action

4. Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. §1367, to hear and decide any and all claims arising under state law.

5. The venue is proper within the United States District Court for the Northern District of New York in that the incident arose in the Northern District of New York.

6. Plaintiffs demand a trial by jury on each and every one of the claims in the Complaint.

**PARTIES**

7. The decedent, Edson Thevenin, ("Edson") was an African-American male who resided at 410 Vermont View Drive, Watervliet, New York.

8. The plaintiff, Cinthia Thevenin ("Cinthia"), the wife of Edson, at resides at 410 Vermont View Drive, Watervliet, New York.

9. The plaintiff, Infant N.T. ("N.T.") is the infant son of Edson and Cinthia, who also resides at 410 Vermont View Drive, Watervliet, New York.

10. The plaintiff, Infant Z.T. ("Z.T.") is the infant son of Edson and Cinthia, who resides at 410 Vermont View Drive, Watervliet, New York.

11. By order of the Honorable Stacy L. Pettit, Surrogate of Albany County, dated June 27, 2016, Cinthia was appointed Administratix of the goods, chattels, and credits of Edson.

12. As such, Cinthia has filed suit both in her capacity as Administratrix of Edson's Estate and as mother and natural guardian of infants N.T. and Z.T.

13. Defendant, The City of Troy, at all times hereinafter mentioned is a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

14. Defendant, Sergeant Randall French ("Sgt. French") at all relevant times was a police officer employed by the defendant The City of Troy.

15. In addition to the facts alleged in the following paragraphs, Sgt. French, sued in both his individual and official capacities, acted within the scope of his employment and under color of state law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or City of Troy.

## NOTICE OF CLAIM

16. On May 23, 2016, a timely Notice of Claim was filed with the City of Troy in compliance with General Municipal Law § 50H.

17. The Notice of Claim was filed on behalf of the plaintiff, Cinthia Thevenin, individually and as wife of Edson Thevenin, Decedent, and as Adminstratrix of the Estate of Edson Thevenin, and as natural guardian of infants N.T. and Z.T.

18. More than thirty (30) days have elapsed since the Notice of Claim was filed and the City of Troy has failed to pay or adjust the claims.

19. On August 8, 2016, the City of Troy conducted a municipal hearing of Cinthia pursuant to New York General Municipal Law §50-h.

20. Plaintiffs have complied with all conditions precedent for the commencement of this action.

21. This action has been commenced within one (1) year and ninety (90) days after the happening of the events, upon which the State Law claims arise.

22. The defendant, City of Troy, its agents, servants and/or employees operated, maintained, and controlled a police force known as the Troy Police Department, including all the police officers employed therein.

23. That at all times hereinafter mentioned, defendant, Sgt. French was employed by the Troy Police Department.

24. Sgt. French is not entitled to qualified immunity or governmental immunity.

**FACTUAL ALLEGATIONS**

25. On April 17, 2016 at approximately 3:00 A.M., Edson was lawfully driving north along 6th Avenue in Troy, New York, on his way home.

26. At the time, Edson was unarmed and presented no threat to anyone.

27. While driving home, Edson was stopped by police officers, including Sgt. French who were employed by the City of Troy, without probable cause.

28. At no time was Sgt. French, or any member of the Troy Police Department in physical danger when French opened fire into Edson's car.

29. Sgt. French shot Edson without justification for the use of deadly force.

30. Upon information and belief, Sgt. French fired no less than eight shots at Edson.

31. As a result of the acts Sgt. French, Edson died from gunshot wounds.

32. At no time did Edson present a reasonable threat of imminent danger of death or serious bodily harm to Sgt. French, any police officers on the scene, or any member of the general public.

33. At no time did Edson take a position of attack or threatening towards Sgt. French, any police offices on the scene or any member of the general public or behave in any manner in which fatal force might have been justified.

34. The actions of Sgt. French were entirely unjustified and constituted excessive use of force.

35. The shooting of Edson by the Sgt. French was carried out in such a fashion that it demonstrated a lack of regard for Edson's right to be free from unnecessary and unlawful bodily harm or threats and without the due care and diligence which a prudent and reasonable officer would have displayed.

36. Sgt. French's actions were carried out willfully, maliciously and with such reckless disregard for the consequences as to reveal a conscious indifference to the clear risk of death to Edson.

37. By reason of aforementioned acts, Edson was caused to suffer severe physical injuries and pain and suffering resulting in death, including pre-death pain and suffering; emotional and psychological distress and horror.

38. Hours after Edson was shot and killed by Sgt. French, Troy Police Officers made false statements and deliberately misled members of Edson's family, including but not limited to Cinthia, into believing that Edson had been killed in a motor vehicle accident without reference to being shot by a Troy Police Officer.

39. Cinthia, and her family members, only discovered Edson's cause of death was gunshot wounds upon going to the hospital.

40. Edson's family members, including but not limited to Cinthia, were denied access to Edson's body for more than 24 hours after the shooting.

41. Edson is survived by his two infant sons, N.T. and Z.T.

42. The actions of Sgt. French and the members of the Troy Police Department were performed within the scope of their employment and authority for those acts was made by the City of Troy and therefore the City of Troy is liable under the doctrine of respondent superior.

43. The aforementioned acts by Sgt. French were performed knowingly, intentionally, and willfully and were not justified under the circumstances.

## COUNT I
### (VIOLAION OF CIVIL RIGHTS PURSUANT TO §1983 4TH AND 14TH AMENDMENTS)

44. Plaintiff repeats and realleges each and every allegation set forth in the forgoing paragraphs with the same force and effect as if more fully set forth at length herein.

45. On April 17, 2016, Sgt. French shot Edson without legal justification.

46. Pursuant to 42 U.S.C.A. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, defendants, Sgt. French owed Edson a duty to act prudently and with reasonable care, and to otherwise avoid the use of unnecessary, unreasonable, excessive and deadly force.

47. Sgt. French, by unjustifiably shooting Edson, violated Edson's rights to be free from: (i) punishment and the deprivation of life and liberty without due process of law; and (ii) deliberate indifference to all of those rights under the Fourth and Fourteenth Amendments.

48. Sgt. French, along with other officers who were agents or employees of the City of Troy, fabricated and disseminated false accounts to Edson's family regarding the unjustified use of deadly force against Edson.

49. The use of excessive and deadly force by Sgt. French, was an independent violation of his rights guaranteed to him by the Fourth and Fourteenth Amendments to the United States Constitution.

50. At all aforementioned times, Sgt. French was acting under the color of law.

51. By reason of the forgoing, Cinthia, individually, and in her capacity as the wife of Edson, the Adminstratrix of Edson's estate and the mother and natural guardian of infants, N.T. and Z.T., demands judgment against defendant, Sgt. French, for violating Edson's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT II
### (ASSAULT AND BATTERY)

52. Plaintiff repeats and realleges each and every allegation set forth in the forgoing paragraphs with the same force and effect as if more fully set forth at length herein.

53. Sgt. French owed Edson a duty to act prudently and with reasonable care, to avoid the use of unnecessary and unreasonable force.

54. Sgt. French breached the aforementioned duties by among other things failing to: (i) communicate with Edson prior to using deadly force against Edson; (ii) follow police standards prior to applying deadly force; (iii) ascertain Edson's state of mind before shooting him; and (iv) using unnecessary deadly force constituting an assault and battery.

55. Sgt. French, committed an assault and battery on Edson by shooting and fatally injuring Edson.

56. At all aforementioned times, Sgt. French was acting within the scope of employment with the City of Troy.

57. As a result and proximate cause of the conduct of Sgt. French Edson died, resulting in pain, suffering, infliction of emotional distress, wrongful death, and fear of impending death.

58. Edson is survived by wife, Cinthia, and his two infant sons, N.T. and Z.T., who, by virtue of the conduct of Sgt. French are deprived of the financial support, companionship, comfort, support and guidance of Edson.

59. As a result of the conduct of Sgt. French, Cinthia incurred expenses in various and diverse amounts, and funeral and other expenses in connection with the burial of Edson and will necessarily incur expenses in the settlement of the estate of the decedent in various and diverse amounts.

60. By reason of the forgoing, Cinthia, individually, and in her capacity as the wife of Edson, the Adminstratrix of Edson's estate and the mother and natural guardian of infants, N.T. and Z.T., demands judgment for assault and battery against defendant, Sgt. French.

## COUNT IV
## (WRONGFUL DEATH UNDER STATE LAW)

61. Plaintiff repeats and realleges each and every allegation set forth in the forgoing paragraphs with the same force and effect as if more fully set forth at length herein.

62. On April 17, 2016 Edson died of gunshot wounds.

63. Edson's death was a direct consequence of being shot by Sgt. French.

64. Sgt. French was acting in his capacity as an employee of the City of Troy when his actions caused Edson's death.

65. Edson is survived by wife, Cinthia, and his two infant sons, N.T. and Z.T., who, by virtue of the conduct of defendant, Sgt. French, are deprived of the financial support, companionship, comfort, support and guidance of Edson.

66. As a result of the conduct of defendant, Sgt. French, Cinthia, necessarily incurred expenses in various and diverse amounts, and funeral and other expenses in connection with the burial of Edson, and will necessarily incur expenses in the settlement of the estate of the decedent in various and diverse amounts.

67. By reason of the forgoing, Cinthia, individually, and in her capacity as the wife of Edson, the Adminstratrix of Edson's estate and the mother and natural guardian of infants, N.T. and Z.T., demands judgment for wrongful death against defendants, Sgt. French, Capt. and the City of Troy.

## COUNT V
### (CONSCIOUS PAIN AND SUFFERING UNDER STATE LAW)

68. Plaintiff repeats and realleges each and every allegation set forth in the forgoing paragraphs with the same force and effect as if more fully set forth at length herein.

69. By reasons of the actions of Sgt. French and the City of Troy, hereinbefore alleged, Edson was caused and continued before his death to be sick, sore, lame, disabled, and suffered serious injuries in and about his head, body and limbs and died shortly thereafter. During that period, Edson suffered great pain and anguish, all to his damage in an amount to be determined by the Court.

## COUNT VI
### (MONELL CLAIM FOR NEGLIGENT HIRING, TRANING AND RETENTION AGAINST THE CITY OF TROY)

70. Plaintiff repeats and realleges each and every allegation set forth in the forgoing paragraphs with the same force and effect as if more fully set forth at length herein.

9

71. The City of Troy was aware that its employees, including police officers employed by the Troy Police Department, would encounter individuals who were suspected of committing non-violent misdemeanor or violation level offenses.

72. Despite issuing the police officers employed in the Troy Police Department lethal weapons, the City of Troy failed to properly train its police officers as to the proper usage of those weapons.

73. Despite issuing the police officers employed in the Troy Police Department lethal weapons, the City of Troy failed to properly interview and vet its officers to be certain that they did not have violent tendencies.

74. Despite issuing the police officers employed in the Troy Police Department lethal weapons, the City of Troy failed to properly train its officers and to instruct officers when lethal force should not be used against citizens not presenting a threat to any police officer or member of the public at large.

75. Included in the officers who were improperly trained, hired and retained, were Sgt. French.

76. As a proximate result of the City of Troy's unconstitutional policy of failing to properly train, hire and retain officers, including Sgt. French, Edson was subjected to unnecessary physical force which resulted in his death.

77. By reason of the forgoing, Cinthia, individually, and in her capacity as the wife of Edson, the Adminstratrix of Edson's estate and the mother and natural guardian of infants, N.T. and Z.T., demands judgment against the City of Troy.

## PRAYER FOR RELIEF

WHEREFORE, as a direct and proximate cause of the actions of defendants described in the forgoing complaint, plaintiff decent, Edson Thevenin, and Cinthia Thevenin, individually, and as wife of Edson Thevenin, decedent, and as Adminstratrix of the Estate of Edson Thevenin, and as mother and natural guardian of infants N.T. and Z.T., individually, pray for relief against defendants as follows:

A. Plaintiff, Cinthia Thevenin, individually, and as wife of Edson Thevenin, decedent, and as Adminstratrix of the Estate of Edson Thevenin, and as mother and natural guardian of infants N.T. and Z.T., claims damages for violation of civil rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1981, 1983 and 1985;

B. Plaintiff, Cinthia Thevenin, individually, and as wife of Edson Thevenin, decedent, and as Adminstratrix of the Estate of Edson Thevenin, and as mother and natural guardian of infants N.T. and Z.T., claims damages on behalf of Edson Thevenin, for severe conscious pain and suffering and wrongful death;

C. Plaintiff, Cinthia Thevenin, individually, and as wife of Edson Thevenin, decedent, and as Adminstratrix of the Estate of Edson Thevenin, and as mother and natural guardian of infants N.T. and Z.T., claims damages on behalf of Edson Thevenin, for loss of life and loss of enjoyment of life;

D. Plaintiff, Cinthia Thevenin, individually, and as wife of Edson Thevenin, decedent, and as Adminstratrix of the Estate of Edson Thevenin, and as mother and natural guardian of infants N.T. and Z.T., claims damages for wrongful death, conscious pain and suffering pecuniary damages, loss of services, and loss of parental guidance;

E. Plaintiff, Cinthia Thevenin, individually, and as wife of Edson Thevenin, decedent, and as Adminstratrix of the Estate of Edson Thevenin, and as mother and natural guardian of infants N.T. and Z.T., claims damages for assault and battery, negligence, negligent hiring, training and retention;

F. Plaintiff, Cinthia Thevenin, individually, and as wife of Edson Thevenin, decedent, and as Adminstratrix of the Estate of Edson Thevenin, and as mother and natural guardian of infants N.T. and Z.T., claims damages for attorney's fees, costs, disbursements and expert fees under 42 U.S.C. §1983;

G. Damages are claimed on behalf each plaintiff in an amount which a jury shall determine to be fair and equitable;

H. All plaintiffs claim damages for punitive damages against the individual defendants, in an amount which a jury shall determine is appropriate to deter future similar conduct and such other and further relief as to this Court may seem just, equitable and proper.

Dated: September 13, 2016

                        Respectfully submitted,

| **HACH & ROSE LLP** | **HARFENIST KRAUT & PERLSTEIN LLP** |
|---|---|
| Counsel for Plaintiffs | Counsel for Plaintiffs |
| By:_____S/_____ | By:_____S/_____ |
| Michael A. Rose | Steven J. Harfenist |
| 185 Madison Avenue, | 3000 Marcus Avenue |
| 14th Floor | Suite 2E1 |
| New York, NY 10016 | Lake Success, NY 11042 |
| 212.779.0057 | 516.355.9600 |