UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CINTHIA THEVENIN, individually, and as wife of
EDSON THEVENIN, Decedent, and as Administratrix
Of the Estate of EDSON THEVENIN, and as mother
and natural guardian of Infant N.T. and as mother and
natural guardian of Infant Z.T.,

                         Plaintiffs,

-against-

THE CITY OF TROY, and SERGEANT RANDALL
FRENCH,

                         Defendants.

DOCKET NO:
1:16-CV-1115(NAM/DJS)

ANSWER

---

The Defendants, The City of Troy and Sergeant Randall French, answering the Complaint of the Plaintiffs herein, by their attorneys, FitzGerald Morris Baker Firth P.C., submit the following upon information and belief:

1. Admits the allegations contained in paragraphs numbered "13", "14", "15", "19", "21", "22", "23", "42", "50", "56", "62", "64" and "71" of the Complaint.

2. Denies the allegations contained in paragraphs numbered "2", "26", "28", "29", "32", "33", "34", "35", "36", "37", "38", "43", "45", "47", "48", "49", "54", "55", "57", "72", "73", "74", "75", "76" of the Complaint.

3. Denies the allegations contained in paragraphs numbered "1", "6", "24", "46", "51", "53", "60", "67", "69" and "77" of the Complaint, and refers all questions of law to the Court.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "20" of the Complaint and refers all questions of law to the Court.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered "7", "8", "9", "10", "11", "12", "25", "30", "31", "39", "40', "41",

"58", "59", "63", "65" and "66", of the Complaint.

6.    The allegations contained in the paragraphs numbered "3", "4" and "5" of the Complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, the defendants make no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

7.    Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered "16", "17" and "18" of the Complaint, except admits receipt of purported notice of claim, and refer/refers all questions of law to the Court.

8.    Denies the allegations contained in the paragraph numbered "27" of the Complaint, except admits that Edson was stopped by Sgt. French.

9.    Denies the allegations contained in the paragraph numbered "64" of the Complaint, except admits that Sgt. French was acting in his capacity as an employee of the City of Troy.

10.    Answering the paragraphs numbered "44", "52", "61", "68" and "70" of the Complaint, Defendants repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

11.    Denies all other allegations contained in the Complaint not specifically admitted or denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE DEFENDANTS ALLEGE:

That the Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE DEFENDANTS ALLEGE:

That if the plaintiffs were caused to sustain damages at the time and place set forth in the plaintiffs' complaint, such injuries and/or damages were sustained by said plaintiffs in whole or in part by reason of the carelessness, recklessness, negligence and/or negligent act of omission or

commission of the culpable conduct of said plaintiffs, and defendants plead such culpable conduct and acts of negligence in diminution of damages.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE
### DEFENDANTS ALLEGE:

That the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE,
### THE DEFENDANTS ALLEGE:

That all the risks and dangers connected with the situation at the time and place mentioned in the complaint were open, obvious and apparent, and were known to and assumed by the plaintiffs herein.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
### DEFENDANTS ALLEGE:

That the doctrines of respondent superior and vicarious liability do not apply to a civil rights claim.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE,
### THE DEFENDANTS ALLEGE:

That the plaintiffs have received sums of money in settlement of the claims asserted herein, and that by reason thereof, the defendants are entitled to the protection, provisions and limitations of Section 15-108 of the General Obligations Law of the State of New York in reducing the claim of the plaintiffs against the defendants, by the amount stipulated in the Release, the amount of consideration paid for it or the amount of the released defendants' equitable share of the damages, whichever is the greatest.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiffs for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will, with reasonable certainty, be replaced or indemnified in whole or in part from a collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules and/or any claims for such items are barred by the defense of payment.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

That this action is barred from the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiffs' constitutional rights.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiffs' constitutional rights.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE DEFENDANTS ALLEGE:

That Defendants' actions, if any, were justified by the facts and circumstances presented.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE DEFENDANTS ALLEGE:

That the arrest and/or detention, if any, were reasonable and based upon probable cause to believe that the Plaintiffs had committed a crime and/or offense.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

To the extent that the complaint purports to set forth any pendent state law claims, they are barred by the plaintiffs' failure to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

That municipal defendants are not liable for punitive damage awards.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

Punitive damages violate the federal and state constitutions under the substantive and procedural due process clauses, equal protection clauses, excessive fine clauses, and cruel and unusual punishment clauses.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

That this Court lacks jurisdiction over the defendants.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

That the plaintiffs lack standing or legal capacity to redress the rights, if any, of the Estate of Edson Thevenin.

WHEREFORE, Defendants demand judgment against the Plaintiffs dismissing the complaint, together with the costs, disbursements and reasonable attorneys' fee of this action, and for such other and further relief as this court deems just and proper.

Dated: October 12, 2016

Yours etc..,
FITZGERALD MORRIS BAKER FIRTH, P.C.

John D. Aspland, Jr., Esq.
Bar Roll No. 512134
Attorneys for Defendants
16 Pearl Street, P.O. Box 2017
Glens Falls, NY 12801
(518) 745-1400

TO: Michael A. Rose, Esq.
Hach & Rose, LLP
Attorneys for Plaintiffs
185 Madison Avenue
14th Floor
New York, NY 10016
(212) 779-0057

Steven J. Harfenist, Esq.
Harfenist Kraut & Perlstein LLP
Attorneys for Plaintiffs
3000 Marcus Avenue
Suite 2E1
Lake Success, NY 11042
(516) 355-9600