

**FitzGerald Morris Baker Firth**

Asish A. Nelluvely
*Associate Attorney*
aan@fmbf-law.com

July 20, 2017

**_Via ECF Only_**
Magistrate Judge Daniel J. Stewart
United States District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Boradway
Albany, NY 12207

Re:   Cinthia Thevenin v. City of Troy, et al.
      Index No.:   1:16-cv-01115-NAM-DJS
      Our File No.:   11166-0001

Dear Judge Stewart:

Please allow this letter to respond to Mr. Brendon Lyons' letter motion to the Court dated July 7, 2017, seeking the disclosure of certain personnel records for Sergeant French that had been previously submitted to the Court for *in camera* review.

As a preliminary matter, it should be noted that the New York Civil Rights Law § 50-a expressly provides that the personnel records of police officers "shall be considered confidential and not subject to inspection or review without the express written consent of such police officer . . . except as may be mandated by lawful court order."

Mr. Lyons' argument that the *in camera* review of the subject personnel file, in and of itself, renders such documents "judicial records subject to the same First Amendment and common law rights of public access as other judicial records," is inapposite, in light of the function and purpose of an *in camera* review by the Court. In sum, Mr. Lyons' argument ignores the very purpose of *in camera* review: to preserve the confidentiality of documents that the court determines need not be disclosed. U.S. v. Wolfson, 55 F.3d 58, 60 (2d Cir. 1995). There can be no traditional right of access on the part of the public to documents to which a party has been denied access. *Id.*

In this instance, the Court performed an *in camera* review of our client's personnel records in order to identify those portions of the files that may be relevant to the underlying action, by weighing Sgt. French's legitimate privacy interests in protecting the confidentiality of these privileged records, against the limited discovery purpose of the personnel files.

For the foregoing reasons, it is respectfully submitted that the Court deny Mr. Lyons letter motion seeking the disclosure of any portion of the privileged and confidential records that had been submitted to the Court for *in camera* review.

We thank the Court for the opportunity to submit this letter brief in opposition to Mr. Lyons' letter motion.

Respectfully submitted,

Asish A. Nelluvely

AAN/aan

cc: Michael A. Rose, Esq., Hach & Rose LLP
     Neil S. Torczyner, Esq., Harfenist Kraut & Perlstein LLP