

FitzGerald Morris
Baker Firth

Asish A. Nelluvely
*Associate Attorney*
aan@fmbf-law.com

July 25, 2017

***Via ECF Only***
Magistrate Judge Daniel J. Stewart
United States District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207

Re: Cinthia Thevenin v. City of Troy, et al.
     Index No.: 1:16-cv-01115-NAM-DJS
     Our File No.: 11166-0001

Dear Judge Stewart:

Please allow this letter to respond to Mr. Brendon Lyons' letter to the Court dated July 24, 2017, seeking the disclosure of redacted personnel records for Sergeant French that the Court had determined were relevant to this action.

Contrary to Mr. Lyons' suggestion, "[t]he 'right to inspect and copy judicial records is not absolute,' however, and a court may exercise its 'supervisory power over its own records and files' to deny access 'where court files might have become a vehicle for improper purposes.'" Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 142 (2d Cir. 2016) (quoting, Nixon v. Warner Commun., Inc., 435 U.S. 589, 598 [1978]). "Once the court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption." Id. (quoting, Lugosch v. Pyramid Co. Onondoga, 435 F.3d 110, 119 [2d Cir. 2006]). "The weight of the presumption is a function of (1) 'the role of the material at issue in the exercise of Article III judicial power' and (2) 'the resultant value of such information to those monitoring the federal courts,' balanced against 'competing considerations' such as 'the privacy interests of those resisting disclosure.'" Id.

"Where a document's 'role in the performance of Article III duties' is 'negligible ..., the weight of the presumption is low.' Conversely, where documents 'directly affect an adjudication,' or are used to determine litigants' substantive legal rights, the presumption of access is at its zenith, and thus can be overcome only by 'extraordinary circumstances,' . . . The

locus of the inquiry is, in essence, whether the document 'is presented to the court to invoke its powers or affect its decisions.'" Id. at 142. (internal quotations omitted).

It is well established that a report submitted to a court in connection with a summary-judgment motion is entitled to a strong presumption of access, since such a document "is the basis for the adjudication, only the most compelling reasons can justify" sealing. Joy v. North, 692 F.2d 880, 894 (2d Cir.1982). By contrast, documents "such as those passed between the parties in discovery" often play "no role in the performance of Article III functions" and so the presumption of access to these records is low.

Under the two-factor Lugosch approach, the weight of the presumption in the instant matter is weak. The material at issue are records sought by plaintiffs during the course of discovery. They were not submitted to invoke the Court's Article III powers or to affect its decisions. Rather, these records were submitted for in camera review in order to identify certain potentially relevant materials contained therein. However, the utility of the personnel records for those who monitor the work of the federal courts is low, as they are not likely to affect judicial proceedings. By contrast, pursuant to Civil Rights Law § 50-a, Sgt. French has a compelling privacy interest to resist disclosure of records that are privileged and confidential in nature.

For the foregoing reasons, it is respectfully submitted that the Court deny Mr. Lyons' letter motion seeking the disclosure of any portion of the privileged and confidential records that had been submitted to the Court for *in camera* review.

We thank the Court for the opportunity to submit this letter brief in opposition to Mr. Lyons' letter motion.

Very truly yours,

Asish A. Nelluvely

AAN/aan

cc: Neil S. Torczyner, Esq., Harfenist Kraut & Perlstein LLP *(via ECF only)*