**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

CINTHIA THEVENIN,

                              Plaintiff,

        - v -                                             Civ. No. 1:16-CV-1115
                                                                     (NAM/DJS)

CITY OF TROY and
SERGEANT RANDALL FRENCH,

                              Defendants.
_____

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION & ORDER

### I. INTRODUCTION

On April 17, 2016, Edson Thevenin was killed along Sixth Avenue in Troy, New York, as a result of an officer-involved shooting. Dkt. No. 1, Compl., at ¶¶ 25-42. A civil rights lawsuit was then commenced by Cinthia Thevenin, both individually and as Administratrix of the Estate, alleging violations of Mr. Thevenin's constitutional rights, as well as State law claims of assault and wrongful death. *Id*.

On November 29, 2016, counsel for Plaintiff and for Defendants appeared before this Court for a Rule 16 Initial Pretrial Conference, the primary purpose of which was to set down a schedule for the pretrial litigation phase of the civil action. In determining the appropriate schedule of pre-trial deadlines, the Court engaged the parties in a discussion as to the expected scope of discovery, which inevitably led to a discussion regarding a review and production of Sergeant French's police personnel file. As has been this Court's practice, the Court agreed to review the personnel file *in camera*, in an effort to identify potentially relevant portions which would warrant disclosure to the

Plaintiff, while simultaneously protecting the privacy interests of the Defendant and the police department. In accordance with my directive, on June 9, 2017, the personnel file was not filed on the Docket,[1] but was instead provided directly to the Court's Chambers,[2] and I conducted an *in camera* review.

On July 7, 2017, following that review, I issued an Order directing disclosure of approximately twenty-three pages of the personnel file. Dkt. No. 19. As part of the Order, and in consideration of the fact that the documents at issue were personnel records, I further directed that the disclosure of the limited records be produced pursuant to a protective order. *Id*. The records were returned to Defendants' counsel, and are no longer in the Court's possession.

After the July 7, 2017 Order was docketed, the Times Union, through Brendan Lyons, Editor State Bureau/Investigations, wrote a letter to the Court expressing the paper's view that the personnel file, insofar as it was reviewed by the Court to resolve a legal dispute, is a "judicial document" subject to a First Amendment and common law right of access and therefore should be filed on the public docket, even if in redacted form. Dkt. No. 20. Upon receipt of that Letter, the Court provided the parties with an opportunity to state their respective stances with regard to the Times Union's request. Dkt. No. 21. Plaintiff's counsel took no position, Dkt. No. 25, while Defendants' counsel opposed the request, highlighting the officer's legitimate privacy interests in his police personnel file, Dkt. Nos. 22 and 27. Mr. Lyons submitted a further Letter in response in order to clarify that the newspaper only sought access to those documents that the Court deemed relevant. Dkt. No. 26. In the interim, the parties, based upon the Court's prior direction, provided

---

[1] Discovery documents are generally not filed on the Court's Docket. N.D.N.Y.L.R. 26. 2.

[2] A separate training file disk was also provided to the Court.

the Court with a proposed protective order.[3] Dkt. No. 24.

Although the Times Union has not formally sought to intervene in this matter, *see Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 160 (2d Cir. 2013), I have nevertheless undertaken a review of the Letters and Briefs submitted to the Court, and now render this Decision and Order.

## II. ACCESS TO JUDICIAL DOCUMENTS

The existence of the public's First Amendment and common law rights of access to judicial documents is clearly established. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978) ("[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004) ("The public has a common law presumptive right of access to judicial documents."). However, that right of access is not unqualified. In *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), the Second Circuit established a procedure for courts to utilize in determining when the public's right of access attaches to particular documents.[4] Importantly, before the public's right of access can attach, "a court must first conclude that the documents at issue are indeed 'judicial documents.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d at 119. "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")). Instead, judicial documents have been

---

[3] While neither the Times Union nor any party has questioned the aspect of the prior Order directing the execution of a protective order, I nevertheless note that, pursuant to Federal Rule of Civil Procedure 26(c), good cause exists for issuing a protective order in light of the privacy interests at issue, which are statutorily recognized in the State, and will accordingly endorse the proposed protective order signed and submitted by the parties.

[4] The *Lugosch* decision concerned the attempts by several news organizations to intervene into a private civil action in order to obtain access to documents filed under seal in conjunction with a motion for summary judgment. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d at 112.

defined as "items filed with the court that are relevant to the performance of the judicial function and useful in the judicial process." *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (quoting *S.E.C. v. TheStreet.com*, 273 F.3d 222, 231 (2d Cir. 2001)); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d at 119. If the document is not classified as a "judicial document," then there is "no presumption of public access[.]" *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 621 F. Supp. 2d 55, 62 (S.D.N.Y. 2007).

In the matter at hand, the Times Union posits that because I reviewed the personnel file in order to determine what should be disclosed, a judicial function was undertaken in order to resolve a dispute and the reviewed documents should therefore be afforded the presumption of public access. However, Second Circuit precedent is clear that a presumption of access does not apply to a court's *in camera* review to resolve a discovery dispute. An identical argument was asserted, and rejected, in *S.E.C. v. TheStreet.Com*, 273 F.3d 222 (2d Cir. 2001). In that case the district court reviewed, *in camera,* a confidential deposition. *See id.* at 225-28. The third-party intervener argued that this very review, and the exercise of the district court's power to a enter a protective order and seal the testimony, transformed the deposition into a "judicial document." *Id*. at 233. The Second Circuit specifically concluded that such an argument was "without merit" because it would "transform every document that a court reviews into a 'judicial document' presumptively open to the public, despite well-settled law to the contrary." *Id.* (citing *United States v. Wolfson*, 55 F.3d 58, 61 (2d Cir 1995) ("We are not aware . . . of any common-law principle that documents submitted to a court *in camera* for the sole purpose of confirming that the refusal to disclose them to another party was proper, are to be deemed judicial records open to the public.")).

This Second Circuit decision is binding upon this Court, and is determinative of the present

issue. Thus, the First Amendment and common law rights of access do not apply since the documents reviewed by the Court are not properly categorized, at this juncture, as judicial documents. *Cf. United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 2017 WL 2960618, at *10 (2d Cir. July 12, 2017) (noting that the fact that the documents at issue "might be relevant to the judicial function at a later point in this case" does not qualify them as "a judicial document *now*.").[5]

### III. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that the Letter-Motion seeking a public filing of a redacted version of the personnel file (Dkt. No. 20) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on the parties in this action, and a courtesy copy upon Brendan J. Lyons, Editor State Bureau/Investigations, Times Union, News Plaza Box 15000, Albany, New York 12212.

**SO ORDERED**.

Date:  August 11, 2017
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[5] The Court notes that although the documents are being exchanged under the protection of a protective order, this is not a wholesale authorization for any party to file documents under seal as part of any future motion. Any sealing of records at that time would be subject to a temporary seal and would require an independent analysis by the Court as to whether such documents should remain on the Court's Docket under seal.