

NEIL TORCZYNER
Attorney at Law
DIRECT TEL.: 516.355.9612
DIRECT FAX: 516.355.9613
NTORCZYNER@HKPLAW.COM

December 5, 2017

U.S. Magistrate Judge Daniel J. Stewart
James T. Foley U.S. Courthouse
445 Broadway - 4th Floor
Albany, New York 12207

<u>By: ECF</u>

    Re: Cinthia Thevenin, et al.  v. The City of Troy, et al.
    Docket No: 16-CV-01115(NAM)(DJS)

Dear Judge Stewart:

    The firm of Harfenist Kraut and Perlstein, LLP along with Hach & Rose, LLP, represents the Plaintiff in this matter. I write to request that the Court Order non-party North Greenbush Ambulance Association ("NGAA") to comply with a previously issued subpoena under FRCP 45 and produce the documents requested therein.[1] As discussed below and during the parties phone conference with the Court on November 28, 2017, Plaintiff has been unsuccessful in securing these materials and as such judicial intervention is sought in order to compel the NGAA's compliance with the subpoena.

**The Subpoena Served on NGAA**

    On September 18, 2017, the subpoena duces tecum was served on the NGAA, requesting that it produce certain materials which are relevant to the pending claims against Randall French ("French") on or before October 10, 2017.[2] As indicated in the Rider to the subpoena, NGAA was requested to produce five (5) narrow categories of documents:

- Personnel files maintained by the NGAA for French;
- Performance evaluations of French conducted between April 1 and July 31, 2016;
- Attendance records, showing the dates French worked between April 1 and July 31, 2016;
- Records showing the date & time of any calls French was dispatched to during the period of April 1 through July 31, 2016, and
- Any communications between NGAA and the City of Troy which relate or refer to Randall French during the period of April 1, 2016 through the present.

---

[1] A copy of the subpoena is appended hereto as Exhibit "A".
[2] A copy of the Affidavit of Service of the process server, attesting to service on September 18, 2017 with acceptance by John Soychak of the North Greenbush Ambulance Association is appended hereto as Exhibit "B".

3000 Marcus Avenue, Suite 2E1
Lake Success, NY 11042
T – 516.355.9600 F – 516.355.9601

2975 Westchester Avenue, Suite 415,
Purchase, NY 10577
T – 914.701.0800 F – 914-708-0808.

**Efforts to Obtain Compliance with the Subpoena**

Having not received a response from the NGAA, on October 17, 2017 the undersigned sent a follow up letter to the NGAA by certified mail.[3] The letter contained an additional copy of the subpoena and requested that production be made by October 27, 2017. No response was ever received from the NGAA and the certified letter was returned by the US Postal Service as "unclaimed."[4]

Thereafter, on October 31, 2017, a letter was faxed to the NGAA at the fax number indicated on its website.[5] This letter also contained an additional copy of the subpoena and requested that the NGAA provide the requested materials by November 7, 2017. No response was ever received to this letter, and to this date, no materials have been received from the NGAA.

After discussing this matter with counsel for the defendants, the parties agreed to include the issue of the NGAA's non-compliance in the status letter filed with the Court on November 9, 2017. During the parties' conference with the Court on November 29, 2017, the Court directed the undersigned to try to contact the NGAA one final time and that if this proved unsuccessful, to file a motion to compel with the Court.

As directed by the Court, on December 4, 2017, I called the NGAA at the phone number listed on the website and spoke with a Ryan Hannigan. Mr. Hannigan advised that I would need to speak with Ryan French about the subpoena and that Mr. French would be back "at some point next week." Mr. Hannigan indicated that he would attempt to "get a message to Ryan French" but I have not heard back from anyone at the NGAA. I did not inquire of Mr. Hannigan as to whether Ryan French is a relative of Randall French, whose records were the object of the subpoena.

**NGAA Should be Required to Comply with the Subpoena**

As the Court is aware, the underlying lawsuit relates to French's shooting of Edson Thevenin which occurred at approximately 3:30 AM on April 17, 2016. French testified during his deposition that he worked a shift at the NGAA on the day prior to commencing his midnight tour on April 17, 2016. Additionally, French testified that he returned to work at the NGAA in June 2016, more than a year before he was reinstated by the Troy Police Department. The demand for records showing French's personnel file, including work assignments, performance evaluations and attendance are relevant to the case at bar as they demonstrate his condition before and after the subject incident. Although it is unknown if there was any communication between NGAA and the Troy Police Department, it is more than possible that there has been correspondence which at the very least may lead to the discovery of relevant evidence.

---

[3] A copy of the letter is appended hereto as Exhibit "C".
[4] A copy of the envelope for the returned certified letter is appended hereto as Exhibit "D".
[5] A copy of the letter with fax confirm is appended hereto as Exhibit "E". A copy of the NGAA webpage is appended hereto as Exhibit "F".

Lastly, as neither the NGAA nor French have objected to the subpoena under FRCP 45(d)(2)(B), despite being afforded adequate time and notice, it is respectfully submitted that the objections have been waived and the NGAA should be required to produce the requested material forthwith. *See generally Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996)("The failure to serve written objections to a subpoena within the time specified by Rule 45(c)(2)(B) typically constitutes a waiver of such objections"). *See also generally Semtek Int'l, Inc. v. Merkuriy Ltd.*, 1996 WL 238538, at *2 (N.D.N.Y. May 1, 1996)("Ordinarily, the failure to make timely objection under this rule constitutes a waiver of any such objections").

I thank the Court for its attention in this matter and look forward to discussing this further should the Court wish to hold a conference related to this request.

        Respectfully Submitted
        HARFENIST KRAUT & PERLSTEIN, LLP

        By: *Neil Torczyner*
            Neil Torczyner

**Encl.**

**CC:** North Greenbush Ambulance Association, by certified and first class mail
    All appearing counsel (via ECF only)