

HARFENIST KRAUT & PERLSTEIN LLP

NEIL TORCZYNER
Attorney at Law
DIRECT TEL.: 516.355.9612
DIRECT FAX:  516.355.9613
NTORCZYNER@HKPLAW.COM

October 20, 2017

Asish Anne Nelluvely, Esq.
FitzGerald Morris Baker Firth, P.C.
16 Pearl Street
Glens Falls, NY 12801

By: Electronic & First Class MailECF

  Re: Cinthia Thevenin, et al.  v. The City of Troy, et al.
  Docket No: 16-CV-01115 (DJS)

Dear Ms. Nelluvely:

  As you know, the firm of Harfenist Kraut and Perlstein, LLP along with Hach & Rose, LLP, represents the Plaintiff in this matter. I write in reference to the Defendants' October 17, 2017 response to Plaintiff's September 11, 2017 Second Demand for Production of Documents. Having reviewed the response and related documents, Plaintiff would request that a supplemental response be served for the reasons set forth below.

  **Request 27**: This demand requested that Defendants produce  "Any and all drafts of the Response to Resistance Report prepared by French on his home computer." In response to this request, Defendants stated "*Answering Defendants object to this demand as it seeks information beyond the permissible scope of Fed. R. Civ. Proc. Rule 26(b)(l) as being irrelevant to the subject matter of the action and/or not reasonably calculated to lead to the discovery of admissible evidence.*"

  Defendants' objection is misplaced as the Response to Resistance Report is certainly relevant. The Response to Resistance Report relates to the shooting which is at the heart of the lawsuit. Furthermore, when questioned during his deposition, defendant French testified that it is a requirement to complete the report and that had begun preparing this document on his home computer. It is clearly relevant and should be produced.

  **Request 30**: Similar to request 27, this demand requested that Defendants produce "Any and all "supplemental reports" prepared by French on his home computer." In response to this request, Defendants again stated "*Answering Defendants object to this demand as it seeks information beyond the permissible scope of Fed. R. Civ. Proc. Rule 26(b)(l) as being irrelevant to the subject matter of the action and/or not reasonably calculated to lead to the discovery of admissible evidence.*"

3000 MARCUS AVENUE, SUITE 2E1
LAKE SUCCESS, NY  11042
T – 516.355.9600 F – 516.355.9601

2975 WESTCHESTER AVENUE, SUITE 415,
PURCHASE, NY  10577
T – 914.701.0800 F – 914-708-0808.

Defendants' objection is misplaced as the Supplemental Report is certainly relevant. The Supplemental Report relates to the motor vehicle incident involving French and the decedent. Furthermore, when questioned during his deposition, defendant French testified that it is a requirement to complete the report and that had begun preparing this document on his home computer. It is clearly relevant and should be produced.

**Request 32**: This demand requested that Defendants identify "the date of the email in which French provided his counsel with a copy of the draft supplemental report and response to resistance report. In response to this request, Defendants stated "*Answering Defendants object to this demand as it seeks information beyond the permissible scope of Fed. R. Civ. Proc. Rule 26(b)(l) as being irrelevant to the subject matter of the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Additionally, any communication made between Sgt. French and his criminal defense attorney are subject to attorney-client privilege.*"

Plaintiff submits that while the content of the communication between French and his counsel may be privileged, the date of the conversation can hardly be subject to privilege. Indeed, when documents are withheld due to privilege, the withholding party furnishes a privilege log which identifies the date of the communication. There is simply no basis to not identify the date of the e-mail(s).

**Request 37 and 38**: Request 37 demanded that Defendants provide "Any and all records of treatment of Randall French during the period of April 16, 2014 though April 16, 2016 from the health care provider who prescribed French the Celexa prescription he was taking on April 17, 2016. Request 38 demanded that Defendants provide authorizations for the release of records of treatment of Randall French during the period of April 16, 2014 though April 16, 2016 for the health care provider who prescribed French the Celexa prescription he was taking on April 17, 2016." In response to each request, Defendants stated "*Answering Defendants object to this demand as it seeks information beyond the permissible scope of Fed. R. Civ. Proc. Rule 26(b)(l) as being irrelevant to the subject matter of the action and/or not reasonably calculated to lead to the discovery of admissible evidence.*"

Plaintiff submits that Randall French's use of any anti depressant is hardly irrelevant to a matter in which the proportion of his response to the actions taken by decedent is called into question. Whether the records are ultimately admissible may be an open question, but the records of his treatment are certainly relevant.

For the reasons set forth above, it is requested that Defendants furnish the requested materials no later than October 30, 2017.

HKP
**Asish Anne Nelluvely, Esq.**
**October 20, 2017**
**Page 3 of 3**


      Thank you for your attention to this matter. I look forward to seeing you at the Bornt Gross and Marble depositions to be held in your office next week.

HARFENIST KRAUT & PERLSTEIN, LLP

By:    *Neil Torczyner*
          Neil Torczyner

**CC: John Aspland,Esq.**
    **Steven Harfenist, Esq.**
    **Michael Rose, Esq.**