

Asish A. Nelluvely
*Associate Attorney*
aan@fmbf-law.com

November 8, 2017

**<u>Via Email Only</u>**
Neil S. Torczyner, Esq.
Harfenist Kraut & Perlstein LLP
3000 Marcus Avenue
2nd Floor, East Wing
Lake Success, NY 11042

Re:   Cinthia Thevenin v. City of Troy, et al.
      File No.: 11166-0001

Dear Mr. Torczyner:

Please accept this correspondence in response to your letter of October 20, 2017, seeking a supplemental response to Plaintiff's Second Demand for Production of Documents.

**Request 27:** This demand requests that the Defendants produce "[a]ny and all drafts of the Response to Resistance Report prepared by French on his home computer." We have ascertained from Sgt. French's criminal defense attorney that these documents were prepared by Sgt. French, at the direction of counsel, in anticipation of a criminal action against him. As such, Defendants object to this demand as the documents requested is attorney work-product and subject to attorney-client privilege.

**Request 30:** This demand requests that the Defendants produce "[a]ny and all "supplemental reports" prepared by French on his home computer." Like the draft of the Response to Resistance Report, a draft supplemental report was also prepared by Sgt. French at the direction of his counsel in anticipation of a criminal action against him. As such, Defendants object to this demand as the documents requested is attorney work-product and subject to attorney-client privilege.

**Request 32:** This demand requests that the Defendants identify "the date of the email in which French provided his counsel with a copy of the draft supplemental report and response to resistance report." The email correspondence is subject to attorney-client privilege. A privilege log identifying the date of the email is enclosed herewith.

**Request 37 and 38:** These demands request that the Defendants provide "[a]ny and all records of treatment of Randall French during the period of April 16, 2014 through April 16, 2016 from the health care provider who prescribed French the Celexa prescription he was taking on April 17, 2016" and authorizations for the release of these records. Defendants object to this

SERVICE BY FAX NOT ACCEPTED

Glens Falls Office: 16 Pearl Street, P.O. Box 2017, Glens Falls, NY 12801 | Hudson Falls Office: 3019 State Route 4, Hudson Falls, NY 12839
Cambridge Office: 49 West Main Street, Cambridge, NY 12816 | Salem Office: 190 Main Street, Salem, NY 12865
Phone: 518.745.1400 | Fax: 518.745.1576 | www.fmbf-law.com

demand as it seeks information beyond the permissible scope of Fed. R. Civ. Proc. Rule 26(b)(1) as being irrelevant to the subject matter of the action and/or not reasonably calculated to lead to the discovery of admissible evidence. "Generally, a party seeking to assert a claim of lack of relevance must satisfy the court that the requested documents either do not come within the broad scope of relevance defined pursuant to Fed. R. Civ. P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by disclosure would outweigh the ordinary presumption in favor of broad disclosure." Convermat Corp. v. St. Paul Fire and Marine Ins. Co., CV 06-1045 JFB AKT, 2007 WL 2743696, at *3 (E.D.N.Y. Sept. 18, 2007) (internal quotation omitted).

Under 42 U.S.C. § 1983 claims, a government official sued in his individual capacity is entitled to qualified immunity if the defendant's action was "objective[ly] legal[ly] reasonable[ ] ... in light of the legal rules that were clearly established at the time it was taken." O'Bert ex rel. Est. of O'Bert v. Vargo, 331 F.3d 29, 36 (2d Cir. 2003) (quoting, Anderson v. Creighton, 483 U.S. 635, 639 [1987]). "Under the Fourth Amendment, which governs the use of force in connection with an arrest, law enforcement officers may use only such force as is objectively reasonable under the circumstances." Id. (citing, Graham v. Connor, 490 U.S. 386, 397 [1989]). See, N.Y. Penal Law § 35.30(1) ("[a] police officer . . . may use physical force when and to the extent he or she reasonably believes such to be necessary . . . in self-defense . . . from what he or she reasonably believes to be the use or imminent use of physical force; except that deadly physical force may be used for such purposes only when he or she reasonably believes that . . . (c) Regardless of the particular offense which is the subject of the arrest or attempted escape, the use of deadly physical force is necessary to defend the police officer or peace officer or another person from what the officer reasonably believes to be the use or imminent use of deadly physical force."). See also, Brunelle v. City of New York, 269 A.D.2d 347 (2d Dep't 2000) (use of deadly force was justified where police officer fired, hitting hand of fellow officer who was "struggling with a machine-gun-wielding suspect"), but cf., Jamison v. Metz, 541 Fed. Appx. 15, 20 (2d Cir. 2013) (holding that use of deadly force by police officers was not justified under § 35.30 because it is objectively unreasonable to fire upon a suspect who has surrendered and is no longer a threat).

It is well established that "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Graham v. Connor, 490 U.S. 386, 396-397. In the context of deadly force, an officer's use of force is "objectively reasonable only if the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." Nimely v. City of New York, 414 F.3d 381, 390 (2d Cir.2005) (internal quotation marks omitted). The reasonableness of the officer's decision to employ deadly force "depends only upon the officer's knowledge of circumstances immediately prior to and at the moment that he made the split-second decision to employ deadly force." Id. See also, McFarlane v. County of Suffolk, 79 A.D. 3d 706 (2d Dep't 2010) (A plaintiff's allegation of excessive force does not, by itself, place a police officer's mental health in issue, and thus warrant disclosure of the officer's mental health records).

In the instant matter, Sgt. French has not asserted any counterclaim against the Plaintiff for personal injuries sustained as a result of the actions by Plaintiff's Decedent. As such, Sgt. French has not placed either his physical or mental health at issue. Nevertheless, treatment records for the injury sustained by Sgt. French on the date of the incident, along with limited authorizations, were provided to your office. Treatment records for any condition unrelated to the injuries he sustained during the incident at issue are subject to doctor-patient privilege and additionally are not relevant to the instant matter.

As you are aware, a Grand Jury convened concerning the shooting of Plaintiff's Decedent returned a "No True Bill", and declined to indict Sgt. French by finding that his actions were justified. Additionally, there is nothing in the record to suggest that Plaintiff's Decedent had surrendered or that he was no longer a threat at the time of the incident at issue. The use of prescription medication, or treatment history relating to same, has no bearing upon the reasonableness of Sgt. French's decision to employ deadly force at the time of the incident at issue. Even if tangential relevance can be argued for the disclosure of privileged treatment records, the potential harm occasioned by disclosure would far outweigh the ordinary presumption in favor of broad disclosure.

Given the foregoing, the reasonableness standard is based upon what Sgt. French perceived immediately prior to and at the moment he made the decision to employ deadly force. As such, defendants continue to object to the disclosure of Sgt. French's medical records with respect to the Celexa prescription.

Very truly yours,

*[signature]*

Asish A. Nelluvely

AAN/aan

cc:   Michael Rose *(via email only)*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CINTHIA THEVENIN, Individually, and as wife of
EDSON THEVENIN, Decedent, and as Administratrix
Of the Estate of EDSON THEVENIN, and as mother
and natural guardian, of Infant N.T. and as mother and
natural guardian of Infant Z.T.,

                Plaintiffs,

            - against -

THE CITY OF TROY, and SERGEANT RANDALL
FRENCH,

                Defendants.

---

**PRIVILEGE LOG**

Docket No.:
1:16-CV-1115(NAM/DJS)

| Doc No. | Date Range | Doc Type | Sender(s)/ Recipient(s)/ Copyee(s) | Description | Privilege Justification |
|---|---|---|---|---|---|
| 1 | 04/26/16 | Email | R. French, A. Safranko | Communication with counsel providing, reflecting or requesting legal advice regarding the instant matter | Attorney-Client |