AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| CINTHIA THEVENIN, et al | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 16-CV-1115(DJS) |
| THE CITY OF TROY and SERGEANT RANDALL FRENCH | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: North Greenbush Ambulance Association
409 Main Ave, Wynantskill, New York, 12198

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED RIDER FOR MATERIALS REQUIRED TO BE PRODUCED

| Place: Harfenist Kraut & Perlstein<br>3000 Marcus Avenue, Suite 2E1<br>Lake Success, NY 11042 | Date and Time:<br>01/22/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/28/2017

CLERK OF COURT

*Daniel J. Stewart, United States Magistrate Judge.*
Signature of Clerk or Deputy Clerk            OR            Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Plaintiff**
_____, who issues or requests this subpoena, are:

Neil Torczyner, Harfenist Kraut & Perlstein, 3000 Marcus Avenue, Lake Success, NY 11042, ntorczyner@hkplaw.com
(516) 355-9612

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 16-CV-1115(DJS)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# RIDER TO SUBPOENA

## INSTRUCTIONS

1. You are required, in responding to these requests, to obtain and furnish all documents available to you and any of your representatives, employees, agents, servants or attorneys and to obtain and furnish all documents that are in your possession or under your control, or in the possession or under the control of any of your representatives, employees, agents, servants, or attorneys.

2. These requests are continuing in nature and you are under a continuing duty to furnish all documents which become available to you and any of your representatives, employees, agents, servants or attorneys and to obtain and furnish all documents that enter your possession or come under your control or enter the possession or come under the control of any of your representatives, employees, agents, servants, or attorneys hereafter.

3. If you believe that any of the following requests for production of documents calls for assertion of a claim of privilege, produce so much of the document(s) as is not objected to, state that part of each request as to which you raise objection, and set forth the basis for your claim of privilege with respect to such information as you refuse to give; and for each document as to which you claim privilege, state: (1) the date thereof; (2) the type of document; (3) the subject matter of the document; (4) the name of the person who prepared the document; (5) if different, the name of the person who signed the document; (6) the name of the person who received the document; (7) any other recipients thereof.

4. If, for reasons other than a claim of privilege, you refuse to produce documents described herein, please state the grounds upon which the refusal is based, whether there are documents in existence responsive to the document request, and a description of the document.

1

5. If any information called for by these document specifications is not available or accessible in the full detail requested, such specifications shall be deemed to call for sufficient explanation of the reasons therefore, as well as for the best information available or accessible, set forth in as detailed a manner as possible.

6. If any document described herein was, but no longer is, within your possession, custody or control, please state in detail:

   (a) A summary of the contents of the document.

   (b) What disposition was made of it.

   (c) The date of such disposition.

   (d) Whether the original or a copy thereof is within the possession, custody or control of any other person.

   (e) If the answer to (d) is affirmative, identify that person.

7. All documents produced shall be segregated and identified by the specification to which they primarily are responsive.

8. Each of these instructions shall be fully applicable to each document specification, notwithstanding that an instruction may in whole or in part be reiterated in a particular document specification or a particular-document specification may incorporate supplemental instructions.

### **DEFINITIONS**

As used herein, the following definitions shall apply:

1. The term "document" shall mean the original and all copies of any written, printed, typed, photographic, electronic, or recorded matter of any kind or character, however produced, reproduced, or recorded, including, without limiting the generality of the foregoing: all letters; work

sheets; records; papers; charts; tapes; manuals; procedures; envelopes; telegrams; cables; telex messages; journals; diaries; agreements; comparisons; questionnaires; calendars; desk pads; correspondence; reports; surveys; pamphlets; circulars; bulletins; instruction manuals; minutes or transcriptions or notations (personal or otherwise), whether handwritten, typed, or electronically recorded of meetings, telephone conversations or other communications of any type; photographs; microfilms; phonographs; tapes or other recordings; punch cards; magnetic tapes; discs; data cell; drums; printouts; other data compilations from which information can be obtained; forms; spreadsheets; invoices; checks; drafts; negotiable instruments; certificates or certifications; deeds; communications; tickets; teletypes; memoranda; studies; evaluations; drawings; graphs; photographs; films; slides; magnetic and electronic recordings; sound recordings; video recordings; computer printouts; computer files or other electronically generated records, irrespective of where or how such files or records are recorded, including but not limited to disks, diskettes, hard drives, flash drives, zip drives, cd-roms, DVDs, and tapes; internet files, data bases and records; e-mail files, irrespective of where or how recorded; and lists and minutes, referring or relating in any way to the subject matter of the request. The term "document" shall also include any and all drafts and non-identical copies of the aforementioned. Any copy containing thereon or having attached thereto any alterations, notes, comments, annotations, or other material not included in the original or copies referred to in this instruction shall be deemed to be a separate document within the meaning of this definition.

    2.    The term "communication" shall include, without limitation: recorded communications such as letters, memorandum, telegrams, faxes, brochures, notices, tape recordings, e-mail, text or instant messages and oral communications such as telephone calls, meetings and any other conveyance or information. A request for "communications" between two persons requires production of the communication sent by either of the two persons and should not be construed as a request solely of

3. The term "person" shall include natural persons, firms, corporations, proprietorships, institutions, partnerships, joint ventures, estates, trusts, other business associations or entities, and any departments, divisions, and agencies thereof, and any government or governmental body, board, commission or agency, or political subdivision, group, association, or organization, or any other group or combination acting as an entity.

4. The terms "you" and "your" shall mean the party to whom these requests are directed and such party's present and former agents, attorneys, servants, employees, accountants, representatives, and all other persons who acted or have acted on the party's behalf.

5. A document "relating to" or "pertaining to" or "concerns" a given subject, person or organization means the document that constitutes, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, contains information on, or is in any way pertinent, directly or indirectly, to that subject, person or organization.

6. Whenever the singular is used, it shall also be taken to include the plural and *vice versa*.

7. Whenever the conjunctive is used, it shall also be taken in the disjunctive and *vice versa.*

8. The term NGAA shall refer to the North Greenbush Ambulance Association. The term "Randall French" refers to Randall French, who is currently employed by the NGAA.

9. In complying with a request for documents demonstrating the "calls that Randall French was dispatched to on behalf of NGAA" it is requested that NGAA delete any protected health information and solely supply the date and time for the call for which Randall French was dispatched and the time that the call ended.

## REQUESTED DOCUMENTS

1. Any and all personnel files maintained by NGAA for Randall French.

2. Any and all performance evaluations of Randall French conducted by NGAA during the period of April 1, 2016 through the present date.

3. Any and all attendance or employment records maintained by NGAA for Randall French demonstrating the dates that Randall French worked during the period of April 1, 2016 through July 31, 2016.

4. Any and all records maintained by NGAA for Randall French demonstrating the date and time of any calls that Randall French was dispatched to on behalf of NGAA during the period of April 1, 2016 through July 31, 2016.

5. Any and all communications between NGAA and the City of Troy which relate or refer to Randall French during the period of April 1, 2016 through the present date.