

NEIL TORCZYNER
Attorney at Law
DIRECT TEL: 516.355.9612
DIRECT FAX: 516.355.9613
NTORCZYNER@HKPLAW.COM

April 12, 2018

U.S. Magistrate Judge Daniel J. Stewart
James T. Foley U.S. Courthouse
445 Broadway - 4th Floor
Albany, New York 12207
By: ECF and Overnight Courier

    Re: Cinthia Thevenin, et al. v. The City of Troy, et al.
    Docket No: 16-CV-01115(DJS)

Dear Judge Stewart:

    The firm of Harfenist Kraut and Perlstein, LLP along with Hach & Rose, LLP, represents the Plaintiffs in this matter. Defendants are represented by FitzGerald Morris Baker Firth, P.C. Plaintiffs submit the instant letter application for an Order unsealing certain Rensselaer County grand jury minutes. Defendants have been consulted prior to the filing of the instant application and they have indicated that they consent to this application as well.

    As the Court may recall, Defendant Randall French ("French") was the subject of a grand jury presentment by the Rensselaer County District Attorney's Office on or about April 20-21, 2016, in relation to his shooting of Edson Thevenin. Following the conclusion of the presentment, the grand jury voted a "no true bill."

    As discussed during prior conferences with the Court, in October 2017, Defendants moved the Rensselaer County Court for an Order to unseal the full minutes of the grand jury proceedings. Plaintiffs joined in the application and after the motion was fully submitted it was administratively reassigned to Columbia County Court Judge Jonathan Nichols.[1]

    By decision dated March 26, 2018 and sent to the parties via regular mail, Judge Nichols denied the motion.[2] In reaching his decision, Judge Nichols performed an analysis under New York law, which included a recitation of New York case law as to the secrecy of grand jury proceeding and the "compelling and particularized need" which Judge Nichols stressed must be met prior to "even considering" the unsealing of the grand jury record. Following this recitation, Judge Nichols denied the motion, stating:

> Clearly, the Defendant's rationale for disclosure, resting as it does upon the fact that he is no longer facing prosecution in the death of Mr. Thevenin, and upon speculation that some of the evidence presented to the Grand Jury may be of some

---

[1] A copy of the Defendants' Motion is appended hereto as Exhibit "A". A copy of Plaintiffs' affirmation joining in Defendants' Motion is appended hereto as Exhibit "B".
[2] A copy of the decision is appended hereto as Exhibit "C".

3000 MARCUS AVENUE, SUITE 2E1
LAKE SUCCESS, NY 11042
T – 516.355.9600 F – 516.355.9601

2975 WESTCHESTER AVENUE, SUITE 415,
PURCHASE, NY 10577
T – 914.701.0800 F – 914-708-0808.

utility in his defense, is neither particularized (the Court notes that Mrs. Cynthia Thevenin also supports release of the evidence for evidentiary reasons), or compelling. Indeed, the fact that the Defendant is no longer in apparent individual criminal jeopardy as to the death of Mr. Thevenin does not, ipso facto, lessen the public's interest in grand jury secrecy, nor render that interest nugatory as the Defendant's application suggests. Moreover, the fact that the Defendant has made no showing that he cannot obtain information similar to that presented to the Grand Jury, and otherwise sufficient so as to maintain his defense via the discovery proceedings available in Federal Court, further serves to demonstrate that he has failed to articulate a rationale for disclosure. that is sufficiently particularized and compelling.

(Decision at pp.3-4).

Although Judge Nichols denied the motion to unseal, Plaintiffs submit that this Court has independent jurisdiction to Order the unsealing of the grand jury minutes. Additionally, as the Federal decision law applicable to this motion is more liberal than its New York counterpart, Plaintiffs respectfully request that the Court exercise its jurisdiction to allow for the unsealing of the full grand jury record for the reasons set forth below.

**The Court's Jurisdiction to Hear the Instant Motion**

Although a prior unsuccessful application was made to a State Court Judge to unseal the grand jury minutes, this Court is possessed of jurisdiction to hear a second application for the same relief. *See generally Vazquez v. City of New York,* 2013 WL 2449181, at *1 (S.D.N.Y. June 6, 2013)("Although the state court denied Plaintiff's request for the grand jury minutes, there is no dispute that this Court has independent authority to unseal the minutes as a matter of federal law"). *See also Palmer v. Estate of Stuart,* 2004 WL 2429806, at *2 (S.D.N.Y. Nov. 1, 2004) ("In giving the state court the opportunity to adjudicate Palmer's request for the grand jury minutes in the first instance, this Court followed cases suggesting that such a process was preferable as a matter of comity. That process having been completed, however, and the grand jury transcripts not having been obtained as a result thereof, the burden falls on this Court to make an independent determination of whether the grand jury transcripts should be released") and *Socialist Workers Party v. Grubisic*, 619 F.2d 641, 644 (7th Cir.1980) (explaining that a policy of requiring "plaintiffs first seek disclosure through the avenues available to them in the state court does not give the state courts a veto over disclosure in [a] federal civil rights case").

The Court's ability to hear the instant motion is grounded in the fact that the claims at issue arise under 42 USC §1983 and as such the Court is not bound by state laws of discoverability or privilege. *See generally King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y.1988) ("New York state law does not govern discoverability and confidentiality in federal civil rights actions.... Simple direct application of the state rule would be undesirable and improper. It would often frustrate the important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in section 1983.").

Furthermore, although the Federal Courts apply a policy of comity when dealing with state law on privilege, it should not stand in the way of discovery in a federal claim. *See generally Frederick v. New York City*, 2012 WL 4947806, at *11 (S.D.N.Y. Oct. 11, 2012) ("It is well settled that '[a] strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to substantive and procedural policy.' It is equally well settled, however, that a federal court is 'not bound by state law protecting the secrecy of state grand jury proceedings'") (internal citations omitted).

Some Magistrate Judges of the Eastern District of New York have recently taken the position that the process of first applying to a state court for an unsealing order is inefficient and should no longer be followed. *See generally Bethea v. City of New York*, 2017 WL 979030, at *2 (E.D.N.Y. Mar. 13, 2017)("As at least one recent case has observed, it is neither efficient nor required to have plaintiffs first seek disclosure of state court grand jury materials in state court. *See Rhooms v. City of New York*, 2014 WL 4385856, at *1 n.2 (E.D.N.Y. Sept. 4, 2014). I join in the view that it would be more burdensome than deferential to ask a state court to balance the competing interests of grand jury secrecy with the needs of a civil litigation that is unfamiliar to the state court and not pending before it").

As the claims in the instant lawsuit arise under 42 USC §1983, it is submitted that the Court has jurisdiction to hear the instant motion. Furthermore, for the reasons set forth infra it is respectfully requested that the Court Order the unsealing of the grand jury materials.

**The Grand Jury Minutes Should Be Unsealed**
As explained by the Second Circuit in *In re Grand Jury Subpoena*, 103 F.3d 234, 239 (2d Cir. 1996) within the context of a request for discovery of Federal Grand Jury material, "a party makes a showing of particularized need by proving 'that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." (quoting *Douglas Oil Co. v.. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979)).

Notwithstanding Judge Nichols' analysis of New York law, Second Circuit jurisprudence demonstrates a particularized need for the grand jury material and for this reason the Plaintiffs respectfully request that the Court issue an unsealing Order.

As explained by the Supreme Court in *Douglas Oil*, "[t]he typical showing of particularized need arises when a litigant seeks to use 'the grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his credibility and the like." *Douglas Oil*, 441 U.S. at 237 n. 12. As was noted by District Judge Oetken in *Frederick* "denial of access to grand jury minutes can result in 'possible injustice' if the rights of parties are effectively destroyed by inability to view key evidence." *Frederick*, 2012 WL 4947806, at *7.

In the instant matter, Plaintiffs have a need to obtain the grand jury testimony which was obtained without French waiving immunity, in order to learn what French (and other officers) testified to within a few days of the shooting. Furthermore, as Plaintiffs' decedent did not survive the shooting and cannot offer his version of the events, the minutes and testimony could be helpful in obtaining a better picture of the various officers' contemporaneous recollection of the shooting. Lastly, at the very least the testimony would certainly be useful in impeaching French and other police witnesses who were present at the shooting.

The second element of the *Douglas Oil* test which weighs the need for secrecy is clearly met under the facts of the instant matter as the testimony at issue was largely by police officers. *See generally Rhooms,* 2014 WL 4385856, at *1 (E.D.N.Y. Sept. 4, 2014)("This interest standing alone is almost never sufficient to overcome the need to avoid a possible injustice, especially where the disclosure sought is of testimony of law enforcement officers. It cannot seriously be argued that law enforcement officers would shy away from giving truthful testimony to a grand jury just because their prior grand jury testimony had been disclosed in a civil rights case). *See also Palmer*, 2004 WL 2429806, at *5 (S.D.N.Y. Nov. 1, 2004)("The officers' interest in secrecy is at its lowest given that testifying before grand juries is part of their regular job duties as public servants") and *DaCosta v. Tranchina*, 281 F. Supp. 3d 291, 307 (E.D.N.Y. 2017)("There is scant reason to believe that secrecy is needed for the present minutes: all of the witness who testified were previously identified in the present civil litigation; the witnesses may not face liability for their testimony, the charges were long ago dropped by the prosecution; it is well known that Plaintiff was indicted by the grand jury; and there is no fear that this limited decision will create a chilling effect for other grand jury witnesses)(internal citations omitted).

Furthermore, as the events occurred two years ago, the need for secrecy has lessened over time. *See generally Anilao v. Spota*, 918 F. Supp. 2d 157, 179 (E.D.N.Y. 2013)("The Court further notes that 'the passage of time erodes many of the justifications for continued secrecy.' This is especially true when, as here, the materials for which disclosure is requested are from grand jury proceedings that have been completed—for in such situations, the secrecy factors that relate to preventing the escape of those whose indictment may be contemplated, protecting the grand jury's deliberations, and preventing subordination of perjury or tampering with witnesses who may testify before the grand jury are simply not applicable")(internal citations omitted).

Lastly, although the request seems to be broad in the sense that the entirety of the grand jury minutes and testimony are sought, the request cannot be narrowed as the grand jury proceeding was solely focused on French's actions in shooting Edson Thevenin. *See generally Anilao,* 918 F. Supp. 2d at 181 ("Plaintiffs have requested that all of the Grand Jury materials be disclosed—the entirety of the minutes, all charges on the law, any and all dialogue between grand jurors and the prosecutor, and all evidence presented to the Grand Jury by the prosecution. The Court has determined that although this request may on first

glance seem broad, it is in fact structured to cover the material required in this case in the interest of justice").

Based upon the above, Plaintiffs submit that the grand jury material should be unsealed and would respectfully request that the Court issue an Order unsealing the material so as to allow the parties to move forward with the completion of discovery in this matter.

The Plaintiffs thank the Court for its attention to this matter and would be available for a telephone conference to be scheduled at the Court's discretion to address any questions that the Court may have as to this application.

>  Respectfully Submitted
>  HARFENIST KRAUT & PERLSTEIN, LLP
>  Attorneys for Plaintiffs
>
>  By: *Neil Torczyner*
>        Neil Torczyner

Cc: All appearing counsel via ECF
    Rensselaer County District Attorney's Office (by overnight courier)