STATE OF NEW YORK
COUNTY COURT :   COUNTY OF RENSSELAER
-----------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,

   -against-　　　　　　　　　　　　　　　　　　　　**DECISION AND ORDER**
　　　　　　　　　　　　　　　　　　　　　　　　　　　Indictment No. 252911
**SERGEANT RANDALL FRENCH,**

　　　　　　　　　　　　**Defendant.**
-----------------------------------------------------------------------X

                  **APPEARANCES**:
                  Fitzgerald Morris Baker Firth, P.C.
                  Asish A. Nelluvely, Esq., of counsel
                  16 Pearl Street
                  P.O. Box 2017
                  Glens Falls, New York 12081
                  *Attorneys for the Defendant*

                  Harfenist Kraut & Pelstein, LLP.
                  Neil Torczyner, Esq., of counsel
                  3000 Marcus Avenue-Suite 2E1
                  Lake Success, New York 11042
                  *Attorney for Cynthia Thevenin*

**NICHOLS, J.**

      By motion dated September 26, 2017, the Defendant moves for an Order from this Court, pursuant to § 190.25 of the Criminal Procedure Law, authorizing the unsealing of the entire Grand Jury proceeding regarding the April 17, 2016, death of Edson Thevenin.

      Mr. Thevenin was shot and killed by the Defendant.

      Cynthia Thevenin, who is the widow of Edson Thevenin, as well as the plaintiff in a lawsuit brought in the United States District Court for the Northern District of New York against, *inter alia*, the Defendant, and pursuant to 42 U.S.C.§ 1983, joins in and

supports the Defendant's motion.

While maintaining the secrecy of grand jury proceedings is not an absolute rule (see, People v. DiNapoli, 27 N.Y.2d 229, 234; People v. Fetcho, 91 N.Y.2d 765, 769), it remains that the disclosure of grand jury evidence is the "exception rather than the rule." Matter of District Attorney of Suffolk County, 58 N.Y.2d 436, 444. Thus, a party seeking the disclosure of evidence presented to a grand jury is tasked with articulating, at the outset, "a compelling and particularized need for access" to such evidence. See, People v. Robinson, 98 N.Y.2d 755, 755; People v. Fetcho, id; Matter of District Attorney for Suffolk County, id. Only after such "compelling and particularized need" has been demonstrated may a court engage in balancing divergent factors in order to determine whether the interest of the public in maintaining the secrecy of the grand jury is outweighed by the public's concomitant interest in disclosure. See, Perry v. Gennaro, 147 A.D.3d 852, 852-853; Matter of James v. Donovan, 130 A.D.3d 1032, 1037; People v. Robinson, id; People v. Fetcho, id; Matter of Lungen v. Kane, 88 N.Y.2d 861, 862-863.

The Defendant's application is primarily based upon the analysis set forth within the Court of Appeals' decision in People v. DiNapoli[1] in and of itself, and as considered

---

[1] People v. DiNapoli identified 5 reasons for maintaining Grand Jury secrecy, i.e., prevention of flight by a defendant, protecting grand jurors from interference by those being investigated, prevention of witness tampering and subornation of perjury, protection of an innocent accused, and encouraging witnesses to freely testify by assuring them as to the secrecy of their testimony. See, id at p. 235. The Court notes that engaging in the analysis set forth in People v. DiNapoli appears to be appropriate only after an applicant has made "a compelling and particularized need for access" such allow a court to engage in balancing the competing interests involved in a given application for disclosure. See, People v. Robinson, id; People v. Fetcho, id; Matter of Lungen v. Kane, id.

in light of the fact that the aforementioned Grand Jury returned a "No True Bill" on April 22, 2017, resulting in no criminal charges being brought against the Defendant relative to the death of Mr. Thevenin.

In particular, the Defendant contends that

"(u)nder the DiNapoli analysis, the reasons for keeping the Grand Jury minutes secret no longer apply in this case as the Grand Jury has declined to indict . . . (the Defendant) . . . and no criminal prosecution is currently pending against him."

Based on the aforesaid, the Defendant concludes that

"(a)s the best, and perhaps only, evidence of what was considered by the Grand Jury in reaching the decision not to indict . . . (the Defendant), are contained in the Grand Jury records, and as no criminal prosecution is pending against . . . (the Defendant) . . . the public interest for disclosure outweighs the interest favoring secrecy."

Upon review, the Defendant's motion is **Denied**.

Clearly, the Defendant's rationale for disclosure, resting as it does upon the fact that he is no longer facing prosecution in the death of Mr. Thevenin, and upon speculation that some of the evidence presented to the Grand Jury may be of some utility in his defense, is neither particularized (the Court notes that Mrs. Cynthia Thevenin also supports release of the evidence for evidentiary reasons), or compelling. Indeed, the fact that the Defendant is no longer in apparent individual criminal jeopardy as to the death of Mr. Thevenin does not, *ipso facto*, lessen the public's interest in grand jury secrecy, nor render that interest nugatory as the Defendant's application suggests. Moreover, the fact that the Defendant has made no showing that he cannot obtain information similar to

that presented to the Grand Jury, and otherwise sufficient so as to maintain his defense via the discovery proceedings available in Federal Court, further serves to demonstrate that he has failed to articulate a rationale for disclosure that is sufficiently particularized and compelling. See, Williams v. City of Rochester, 151 A.D.3d 1698, 1699, lv. denied, 30 N.Y.3d 904.

Based on the aforesaid, the Court finds that the Defendant's application falls far short of meeting the criterion established by decisional authority so as to allow the Court to even *consider* exercising its discretion to allow an exception to the general rule that grand jury proceedings are to remain secret. See, Perry v. Gennaro, id; Matter of James v. Donovan, id; People v. Robinson, id; People v. Fetcho, id; Matter of Lungen v. Kane, id.

This constitutes the Decision and Order of this Court.

Dated: March 23, 2018.
Hudson, New York.

ENTER:

Jonathan D. Nichols, J.C.C.

CC:   Hon. Michael Melkonian
      Rensselaer County Courthouse
      80 2nd Street
      Troy, New York 12180

      Joel Abelove, Esq.
      Rensselaer County District Attorney
      Rensselaer County Courthouse
      Troy, New York 12180