UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CINTHIA THEVENIN, individually, and as wife of EDSON THEVENIN, Decedent, and as Administratrix of the Estate of EDSON THEVENIN, and as mother and natural guardian of Infant N.T. and as mother and natural guardian of Infant Z.T.,

                                  *Plaintiffs*,

-against-

THE CITY OF TROY and SERGEANT RANDALL FRENCH,

                                  *Defendants*.

**AFFIRMATION**

16-CV-01115

DJS

---

    Adrienne J. Kerwin, an attorney admitted to practice in the State of New York, affirms under penalty of perjury:

    1.    I am an Assistant Attorney General of counsel in this matter to Barbara D. Underwood, Attorney General of the State of New York.

    2.    I make this affirmation in support of the motion by non-party Assistant Attorney General Jennifer M. Sommers pursuant to FRCP 45(d)(3) to quash the subpoena served against her.

    3.    To date, the Office of the Attorney General ("OAG") has complied with defense counsel in good faith and complied with four subpoenas issued by defense counsel: three sought the deposition testimony and production of documents by AAG Paul Clyne and Investigators Mitchell Paurowski and Ronald Enfield (annexed together hereto at **Exhibit A**), and one sought

the OAG's file relating to its investigation into the April 17, 2016 shooting death of Edson Thevenin ("the Thevenin incident") (annexed hereto at **Exhibit B**).

    4.     Additionally, the OAG complied with a subpoena issued by the court for

> [t]he entire record of the Grand Jury proceedings in the matter of People v. State of New York against Sergeant Randall French, Rensselaer County Indictment No:252911. Said record to include all transcripts of proceedings before the Grand Jury and any documentary evidence proffered to the Grand Jury.

A copy of that court-issued subpoena is annexed hereto at **Exhibit C**.

    5.     Previously, in January 2018, the OAG complied with a request from the defendants in this case for copies of the report completed by OAG-retained expert, Precision Simulations, Inc. ("PSI"), without the need for a subpoena.

    6.     Prior to the depositions of Clyne, Paurowski and Enfield – the only three OAG employees who were at the scene on April 17, 2016 -- a dispute arose as to the duties of these witnesses to comply with the directive of the subpoenas that required the witnesses to produce:

> Any and all documents, photographs, video, or other materials, pertaining to the investigation into the death of Edson Thevenin on April 17, 2016. [Exh. A.]

    7.     A telephone conference with the court was held on July 26, 2018, and the court directed that the depositions proceed with the witnesses producing only their own notes. Dkt. No. 78.

    8.     Notwithstanding, following the depositions, by letter dated August 8, 2018, defendants' counsel continued to assert that AAG Clyne and Investigators Enfield and Paurowski failed to comply with their subpoenas. A copy of that August 8, 2018 letter is annexed hereto at **Exhibit D**.

9. By letter dated August 16, 2018, the OAG responded to defendants' August 8, 2018 letter in a good faith attempt to resolve the issue. A copy of that August 16, 2018 response, without enclosures, in annexed hereto at **Exhibit E**.

10. On July 27, 2018, the OAG was served with a subpoena seeking the production of:

> Any and all documents, photographs, video, or other materials, pertaining to the investigation into the death of Edson Thevenin on April 17, 2016; and any and all communications between the NYSOAG and Plaintiff/Plaintiff's family/Plaintiff's counsel; and any and all communications between the NYSOAG and the Defendants.

See Exh. B.

11. In response to that subpoena, the OAG sent a letter dated August 16, 2018 objecting to the subpoena. A copy of that letter is annexed hereto at **Exhibit F**.

12. Until September 26, 2018, no response to that August 16, 2018 letter had been received by the OAG. See Exhs. O though S.

13. On August 24, 2018, the OAG provided over 1600 pages of electronic documents to the defendants, as detailed in the August 16, 2018 objection letter. A copy of the letter that accompanied the production is annexed hereto at **Exhibit G**.

14. Following that production, I received an email from defense counsel as follows:

> Thank you for forwarding the documents. Could you please confirm that the thumb drive produced contained ***all*** of the correspondence and communications between the OAG and Plaintiff/Plaintiff's counsel? If something is being withheld, could you please provide a privilege log?
>
> Additionally, if any minutes were taken during the meeting between Plaintiff, her counsel and members of the OAG on January 16, 2018, or any other date, please forward same. I believe the subpoena for records is broad enough to cover that request. If such documents exist and were withheld for some reason, please provide us with a privilege log. [Emphasis in original]

A copy of an August 28, 2018, 9:55am email from attorney Nelluvely is annexed hereto at **Exhibit H**.

15. In response to that email, I advised as follows:

> The production included all communications between the OAG and plaintiff/plaintiff's counsel that occurred between (1) the date of the incident and (2) when the OAG's investigation into the Thevenin shooting was closed by issuance of the public report on January 16, 2018.
>
> Additionally, there are no minutes of any meeting between the OAG and plaintiff/plaintiff's counsel other than what has already been provided.

A copy of my September 19, 2018 email is annexed hereto at **Exhibit I**.

16. Also on August 28, 2018, I was advised via email that the defendants intended to subpoena the deposition testimony of AAG Jennifer Sommers. A copy of an August 28, 2018, 10:52am email from attorney Nelluvely is annexed hereto at **Exhibit J**.

17. I advised in response that the OAG would not voluntarily produce AAG Sommers. A copy of my August 29, 2018, 7:35pm email is annexed hereto at **Exhibit K**.

18. On September 7, 2018, AAG Sommers's office was served with a subpoena dated August 30, 2018, directing her to appear to give deposition testimony on October 4, 2018 and produce:

> Any and all documents, photographs, video, or other materials, pertaining to the investigation into the death of Edson Thevenin on April 17, 2016.

See Sommers decl. at Exh. C.

19. By letter dated September 12, 2018 – three business days after the subpoena was served -- the OAG informed defense counsel of its objections to the subpoena on behalf of AAG Sommers, and requested that it be withdrawn. A copy of that letter is annexed hereto at **Exhibit L**.

20. As of the filing of this motion, I have received no response to my September 12, 2018 letter.

21. As detailed herein, the OAG has been more than accommodating to defendants' requests for documents and testimony relating to its investigation, notwithstanding the fact that nothing requested or disclosed is relevant to whether the City of Troy or Sergeant French violated Mr. Thevenin's constitutional rights. To the extent that the defendants have attempted to benefit from the comprehensive investigation done by the OAG about the shooting of Mr. Thevenin by Sergeant French, it has done so; including being provided with the report from an OAG-retained expert. The defendants should not be permitted to continue to burden the OAG when it has no further information that is proportional to the needs of the case.

22. As discussed in the memorandum of law submitted herewith, the deposition subpoena served on AAG Sommers should be quashed because (1) all documents in the OAG file related to the Thevenin incident have been provided to the defendants, except as outlined in my August 16, 2018 letter; (2) AAG Sommers was not at the scene of the Thevenin incident on April 17, 2016; (3) AAG Sommers did not take the statements of any witnesses to the Thevenin incident; (4) testimony related to communications with other members of the OAG and/or their agents about whether the shooting of Mr. Thevenin was justified is protected as attorney work product and/or by the attorney-client privilege; (5) defendants have already taken the depositions of the three OAG staff members who went to the scene of the Thevenin incident on April 17, 2016; and (6) AAG Sommers can provide no information about the subject matter of this litigation that has not already been provided.

23. This motion to quash the Sommers subpoena was originally going to be brought by order to show cause because of the imminent deposition scheduled for October 4, 2018.

24. By email on September 25, 2018, 11:36am, I advised counsel that I intended to file this motion by order to show cause unless defendants voluntarily adjourned the deposition without date to allow enough time for proper notice under the Local Rules. A copy of that email is annexed hereto at **Exhibit M**.

25. After an email exchange, defense counsel agreed to adjourning the October 4, 2018 desposition. Therefore, this motion is being brought by notice. Annexed hereto at **Exhibits N, O, P, Q, R, S** and **T** are the emails included in that exchange.

WHEREFORE, non-party AAG Jennifer M. Sommers respectfully requests that the court issue an order (1) granting her motion to quash the subpoena served upon her in this case and (2) granting her any further relief that the court deems just, proper and equitable.

Dated: Albany, New York
September 26, 2018

*s/ Adrienne J. Kerwin*
Adrienne J. Kerwin
Bar Roll No. 105154