UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CINTHIA THEVENIN, individually, and as wife of Edson Thevenin, Decedent, and as Administratrix of the Estate of Edson Thevenin, and as mother and natural guardian of Infant N.T. and as mother and natural guardian of Infant Z.T.

                                    Plaintiff,

-against-

CITY OF TROY, ET AL.,

                                  Defendants.

**DECLARATION**

Civil No. 1:16-CV-1115 (/DJS)

---

Michael A. Brandi, an attorney duly admitted in the Federal District Court of the Northern District of New York, affirms the following under penalty of perjury and pursuant to Section 1746 of Title 28 of the United States Code:

1. Your affirmant is associated with the law firm of FitzGerald Morris Baker Firth, P.C., attorneys for Defendants herein and is fully familiar with the facts and circumstances set forth herein, based upon a review of the file maintained by this office.

2. This affirmation is submitted in support of the Defendants' motion to compel compliance with a Subpoena Deuces Tecum in accordance with Fed. R. Civ. P. 45.

### STATEMENT OF FACTS

3. A Text Order issued by this Court on September 17, 2018, granted permission to file a motion to compel within 14 days of that order without further leave from the Court relating to outstanding discovery from the Attorney General's Office.

4. By Subpoena dated July 26, 2018, non-party New York State Office of the Attorney General ("NYSOAG"), through Assistant Attorney General Adrienne Kerwin, was commanded to

produce "any and all documents, photographs, video, or other materials, pertaining to the investigation into the death of Edson Thevenin on April 17, 2016; and any and all communications between the NYSOAG and Plaintiff/Plaintiff's Family/ Plaintiff's counsel; and any and all communications between the NYSOAG and the Defendants." See Subpoena to Produce Documents, a copy of which is attached hereto as Exhibit "A".

5. The July 26, 2018 Subpoena was served upon AAG Kerwin on July 27, 2018. See Affidavit of Service a copy of which is attached hereto as Exhibit "B".

6. Via letter dated August 16, 2018, a copy of which is attached hereto as Exhibit "C," AAG Kerwin partially objected in writing to the Subpoena on behalf of the NYSOAG "to the extent that it seeks documents and information related to the OAG investigation and Grand Jury presentation that resulted in criminal charges against DA Abelove" because "the criminal proceeding against DA Abelove is ongoing, and disclosure of confidential grand jury materials would prejudice the OAG's ability to prosecute its case."

7. Via the August 16, 2018 letter, AAG Kerwin also partially objected to the subpoena to the extent it seeks the disclosure of email and memoranda between and among any members of the NYSOAG on the purported ground that such material is protected from disclosure as attorney work product, deliberative process materials, and/or material prepared in anticipation of litigation. See Exhibit C.

8. Via letter dated August 24, 2018, a copy of which is attached hereto as Exhibit "D," AAG Kerwin provided a partial response to the July 26, 2018 subpoena on behalf of the NYSOAG.

9. On August 28, 2018, via electronic correspondence to AAG Kerwin, a privilege log was requested concerning any documents that may have been withheld concerning correspondence and communications between the NYSOAG and Plaintiff or Plaintiff's counsel as well as any

minutes relating to any meetings between Plaintiff, her counsel and members of the NYSOAG. See emails exchanged between August 23, 2018 and September 26, 2018, a copy of which attached hereto as Exhibit "E."

10. On September 25, 2018, via electronic correspondence to AAG Kerwin, a privilege log was requested concerning any material responsive to the subpoena that may have been withheld. See Exhibit "E"

11. On September 25, 2018, via electronic correspondence to AAG Kerwin, a privilege log was again requested. See emails exchanged on September 25, 2018, a copy of which is attached hereto as Exhibit "F."

12. On September 27, 2018, via electronic correspondence to AAG Kerwin, a privilege log was again requested. See emails exchanged on September 27, 2018, a copy of which is attached hereto as Exhibit "G."

13. At no point has AAG Kerwin or anyone representing the NYSOAG produced a privilege log relating to material being withheld on the basis of the privileges asserted in the August 16, 2018 letter as is required by Fed. R. Civ. P. 45 (d)(1)(D)(2)(A).

14. Good faith efforts were made to resolve this issue and obtain a privilege log prior to seeking judicial intervention.

15. The NYOAG, has not provided a privilege log. Rather, the NYOAG has merely asserted, in conclusory fashion, that certain unidentified materials, otherwise responsive to the subpoena, are being withheld from release as a result of being "protected from disclosure as attorney work product, deliberative process materials, and/or material prepared in anticipation of litigation." See Exhibit C.

16. It is further asserted that certain materials are exempt from disclosure pursuant to New York Criminal Procedure Law Section 190.24(4) and that certain other material would "prejudice the OAG's ability to prosecute its case." Id.

17. As further discussed in the Memorandum of Law submitted with this Declaration, this Court should order compliance with the July 26, 2018 subpoena and should deem waived any privileges which were improperly asserted pursuant to Rule 45.

WHEREFORE, Defendants respectfully request that the Court issue an order granting Defendants' motion to compel compliance with the July 26, 2018 subpoena and further, deeming any privileges asserted in the August 16, 2018 letter waived and any material withheld pursuant to such privileges, released in accordance with the subpoena.

Dated: October 1, 2018

_____
Michael A. Brandi, Esq.
Bar Roll #700481
FitzGerald Morris Baker Firth PC
Attorneys for Defendants
16 Pearl St.
Glens Falls, NY 12801
(518) 745-1400