UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CINTHIA THEVENIN, individually, and as wife of Edson Thevenin, Decedent, and as Administratrix of the Estate of Edson Thevenin, and as mother and natural guardian of Infant N.T. and as mother and natural guardian of Infant Z.T.

Plaintiff,

-against-

CITY OF TROY, ET AL.,

Defendants.

**DECLARATION**

Civil No. 1:16-CV-1115 (/DJS)

---

Michael A. Brandi, an attorney duly admitted in the Federal District Court of the Northern District of New York, affirms the following under penalty of perjury and pursuant to Section 1746 of Title 28 of the United States Code:

1. Your declarant is associated with the law firm of FitzGerald Morris Baker Firth, P.C., attorneys for Defendants herein and is fully familiar with the facts and circumstances set forth herein, based upon a review of the file maintained by this office.

2. This declaration is submitted in support of the Defendants' opposition to the motion of the New York State Office of the Attorney General to quash a Subpoena in accordance with Fed. R. Civ. P. 45.

## STATEMENT OF FACTS

3. By Subpoena dated July 26, 2018, non-party New York State Office of the Attorney General ("NYSOAG"), through Assistant Attorney General Adrienne Kerwin, was commanded to produce "any and all documents, photographs, video, or other materials, pertaining to the investigation into the death of Edson Thevenin on April 17, 2016; and any and all communications

between the NYSOAG and Plaintiff/Plaintiff's Family/ Plaintiff's counsel; and any and all communications between the NYSOAG and the Defendants." See Subpoena to Produce Documents, a copy of which is attached hereto as Exhibit "A".

4. The July 26, 2018 Subpoena was served upon AAG Kerwin on July 27, 2018. See Affidavit of Service a copy of which is attached hereto as Exhibit "B".

5. Correspondence dated August 16, 2018, a copy of which is attached hereto as Exhibit "C," AAG Kerwin partially objected in writing to the Subpoena on behalf of the NYSOAG "to the extent that it seeks documents and information related to the OAG investigation and Grand Jury presentation that resulted in criminal charges against DA Abelove" because "the criminal proceeding against DA Abelove is ongoing, and disclosure of confidential grand jury materials would prejudice the OAG's ability to prosecute its case."

6. In the August 16, 2018 correspondence, AAG Kerwin also partially objected to the subpoena to the extent it seeks the disclosure of email and memoranda between and among any members of the NYSOAG on the purported ground that such material is protected from disclosure as attorney work product, deliberative process materials, and/or material prepared in anticipation of litigation. See Exhibit C.

7. The correspondence dated August 24, 2018, a copy of which is attached hereto as Exhibit "D," AAG Kerwin provided a partial response to the July 26, 2018 subpoena on behalf of the NYSOAG.

8. On August 28, 2018, via electronic correspondence to AAG Kerwin, a privilege log was requested concerning any documents that may have been withheld concerning correspondence and communications between the NYSOAG and Plaintiff or Plaintiff's counsel as well as any minutes relating to any meetings between Plaintiff, her counsel and members of the NYSOAG.

See emails exchanged between August 23, 2018 and September 26, 2018, a copy of which attached hereto as Exhibit "E."

9. By Subpoena dated August 30, 2018, a copy of which is attached hereto as Exhibit "F," AAG Jennifer Sommers was commanded to appear to give testimony as well as produce certain documents.

10. On September 25, 2018, via electronic correspondence to AAG Kerwin, a privilege log was requested concerning any material responsive to the July 26, 2018, subpoena that may have been withheld. See Exhibit "E"

11. On September 25, 2018, via electronic correspondence to AAG Kerwin, a privilege log was again requested. See emails exchanged on September 25, 2018, a copy of which is attached hereto as Exhibit "G."

12. On September 27, 2018, via electronic correspondence to AAG Kerwin, a privilege log was again requested. See emails exchanged on September 27, 2018, a copy of which is attached hereto as Exhibit "H."

13. At no point has AAG Kerwin or anyone representing the NYSOAG produced a privilege log relating to material being withheld on the basis of the privileges asserted in the August 16, 2018 letter as is required by Fed. R. Civ. P. 45 (d)(1)(D)(2)(A).

14. On July 27, 2018, AAG Paul Clyne testified at a deposition that after April 17, 2016, AAG Sommers would have been the AAG supervising the investigation of the Thevenin incident. See Transcript of Deposition of Paul Clyne pp 19-20, a copy of which is attached hereto as Exhibit "I."

15. On July 26, 2018, OAG Investigator Ronald Enfield testified at a deposition that he believes that AAG Sommers was present at "a lot" of the meetings about the evidence and technical

parts of the Thevenin investigation. See Transcript of Deposition of Ronald Enfield pp. 114-115, a copy of which is attached hereto as Exhibit "J."

16. Investigator Enfield further testified at his July 26, 2018 deposition that AAG Sommers was present and spoke at a meeting with the Thevenin family prior to the release of the OAG's final report in which AAG Sommers discussed "in sum and substance" "this is why we didn't move forward with it" and that "[this is] the information we have, and ... these are the reasons why" they weren't going to move forward with "presenting charges against Randy French." See Transcript of Deposition of Ronald Enfield at p. 83, a copy of which is attached hereto as Exhibit "K."

17. Investigator Enfield further testified at his July 26, 2018 deposition that AAG Sommers was present for at least a portion of a meeting with Phillip Gross at which his statement was taken. See Deposition of Ronald Enfield at pp. 73-74, a copy of which is attached hereto as Exhibit "L."

18. Phillip Gross testified at his October 26, 2017 deposition that he met AAG Sommers when he went to OAG Offices to give his witness statement and that she was present when he gave his statement to the OAG. See Transcript of Deposition of Phillip Gross at pp. 71-73, a copy of which is attached hereto as Exhibit "M."

19. OAG Investigator Mitchell Paurowski testified at his July 27, 2018 deposition that AAG Sommers may have been present at a time when certain members of the OAG had the opportunity to view the Thevenin vehicle and that after that viewing, a determination was made to seek out professionals trained in trajectory bullet plotting. See Transcript of Deposition of Mitchell Paurowski at P. 36, a copy of which is attached hereto as Exhibit "N."

20. Good faith efforts were made to resolve this issue prior to seeking judicial intervention.

21. The NYOAG, has not provided a privilege log. Rather, the NYOAG has merely asserted, in conclusory fashion, that certain unidentified materials, otherwise responsive to the subpoena, are being withheld from release as a result of being "protected from disclosure as attorney work product, deliberative process materials, and/or material prepared in anticipation of litigation." See Exhibit C.

22. As further discussed in the Memorandum of Law submitted with this Declaration, this Court should deny the Motion to Quash the August 30, 2018 subpoena and should deem waived any privileges which were improperly asserted in the August 16, 2018 letter pursuant to Rule 45.

WHEREFORE, Defendants respectfully request that the Court issue an Order denying the Motion to Quash the August 30, 2018 subpoena and further, deeming any privileges asserted in the August 16, 2018 letter waived and any material withheld pursuant to such privileges, released in accordance with the subpoena and granting such further relief that the court deems just.

Dated: October 18, 2018

Michael A. Brandi, Esq.
Bar Roll #700481
FitzGerald Morris Baker Firth PC
Attorneys for Defendants
16 Pearl St.
Glens Falls, NY 12801
(518) 745-1400