

**HARFENIST KRAUT & PERLSTEIN LLP**

NEIL TORCZYNER
*Attorney at Law*
DIRECT TEL.: 516.355.9612
DIRECT FAX: 516.355.9613
NTORCZYNER@HKPLAW.COM

January 8, 2019

U.S. Magistrate Judge Daniel J. Stewart
James T. Foley U.S. Courthouse
445 Broadway - 4th Floor
Albany, New York 12207
By: ECF

      Re: Cinthia Thevenin, et al.  v. The City of Troy, et al.
      Docket No: 16-CV-01115(DJS)

Dear Judge Stewart:

      During the parties' telephone conference with the Court on Friday January 4, 2019, there was a discussion of a dispute related to the Plaintiff's request that physical evidence currently in the Defendants' possession be produced to the Plaintiff's expert. At the close of the conference, the Court directed the parties to submit letter briefs on this issue. Please allow this letter to serve as Plaintiff's submission in support of their request for an Order directing the production of the materials at Plaintiff's expert's offices in Westchester County.

**Brief Factual History**

      In mid-November the parties discussed Plaintiff's request to examine the bullets recovered from the decedent's vehicle and body. After initial consideration of Plaintiff's expert examining the bullets at a lab in the Albany area, on December 11, 2018, Plaintiff requested that the materials be produced at the expert's laboratory in Westchester County and that an agreement be entered for the release of the materials into the expert's custody.[1]

      Thereafter, the parties continued to discuss the issue and the parameters of Plaintiff's request, culminating in a letter of December 26, 2018 which identified the items which Plaintiff sought to be produced to Plaintiff's expert, specifically the bullets and shell casings identified in a Troy PD evidence receipt and paint scrapings and clothing which the Defendants had submitted to the New York State Police laboratory.[2] This request was rejected by Defendants as they were "not comfortable with releasing the projectiles."[3] Additionally, during the Court Conference, the Defendants stated a concern that the Office of the Attorney General may require the evidence for a future criminal prosecution.

**FRCP 34 Requires Production of Designated Tangible for Inspection & Testing**

      Under FRCP 34(a) a "party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect,

---

[1] A copy of the parties' e-mail exchange of December 11-12 is appended hereto as Exhibit "A'.
[2] A copy of the December 26, 2018 letter is appended hereto as Exhibit "B".
[3] A copy of the parties January 2, 2019 email exchange is appended hereto ax Exhibit "C".

3000 MARCUS AVENUE, SUITE 2E1
LAKE SUCCESS, NY 11042
T – 516.355.9600 F – 516.355.9601

2975 WESTCHESTER AVENUE, SUITE 415,
PURCHASE, NY 10577
T – 914.701.0800 F – 914.708.0808.

copy, test, or sample the following items in the responding party's possession, custody, or control…(B) any designated tangible things. Defendants have not disputed that the requested items fall within this definition, or that they are relevant to the lawsuit.

As was noted by Magistrate Foschio in *Gross v. Lunduski*, 304 F.R.D. 136, 158 (W.D.N.Y. 2014) "Whether to permit, pursuant to Fed.R.Civ.P. 34(a), testing, whether "destructive" or "non-destructive," "'rests within the sound discretion of the court." In exercising such discretion, courts "balance the respective interests by weighing the degree to which the proposed inspection will aid in the search for the truth against the burdens and dangers created by the inspection." *Id.* at 158, citing *Ramos v. Carter Express, Incorporated*, 292 F.R.D. 406, 408 (S.D.Tex.2013).

When viewing the burdens related to production, Courts often require the party in possession to produce the item at the location requested. *See generally Henry v. Cty. of Niagara*, 2012 WL 438453, at *5 (W.D.N.Y. Feb. 9, 2012)("Here the item to be inspected is an automobile, the quintessential portable item. Plaintiffs state the hardship of driving the vehicle up to this District for inspection, but that is not sufficiently burdensome to preclude this inspection"). *See also Hajek v. Kumho Tire Co.*, 2009 WL 2229902, at *5 (D. Neb. July 23, 2009)("Plaintiffs' counsel will be required to ship the tires and rims to Mr. Grant for nondestructive testing and inspection by defendants' retained experts. The tires and rims will remain in the custody of Mr. Grant until they are shipped back to plaintiffs' counsel"); *Cottrell v. Dewalt Indus. Tool Co.*, 2009 WL 5213876, at *3 (N.D. Ill. Dec. 29, 2009)(requiring production to Defendant's expert of the drill at issue in a products liability case) and *Bailey v. Scoutware, LLC*, 2014 WL 1118372, at *1 (E.D. Mich. Mar. 21, 2014)(requiring production of cell phones to the defense expert in whistleblower action for potential recovery of deleted messages).

Even when the requested item is a firearm, Courts have required production at the requesting party's location when the testing is non-destructive in nature. *See generally Worrall v. Smith & Wesson Corp.*, 2009 WL 4800158, at *2 (S.D. Ind. Dec. 11, 2009)("This court's review of Fed.R.Civ.P. 34 supports Smith & Wesson's position. Under the rule, a party may serve on any other party a request to produce and permit an inspection, testing, or sampling of an item so long as the request specifies a reasonable time, place, and manner for the inspection. Smith & Wesson's request that the firearm be shipped in this case is not an unreasonable time, place, or location, so long as Smith & Wesson's expert engages in no destructive testing").

The distinction between destructive and non-destructive testing is important, as the *Ramos* court explained that "[A]lthough courts have repeatedly applied a four-factor test in determining whether to permit destructive testing, Defendants here seek to conduct non-destructive testing on the bicycle and related materials…given that Defendants have represented that all testing will be non-destructive, there are no foreseeable dangers that could result from this testing." *Id.* (internal citations omitted).

While Defendants express concern about the integrity of the evidence, Courts have long permitted the production of evidence including rape kits. *See generally Newton v. City of New York*, 738 F. Supp. 2d 397, 402 (S.D.N.Y. 2010)("In anticipation of trial, Newton's counsel secured a court order on May 28, 2010 that required defendants to produce the rape kit for testing to Newton's expert forensic scientist, Dr. Edward Blake").[4] Furthermore, any concern about spoliation of evidence can be addressed by an adverse inference, rather than a requirement that Plaintiff pay a Troy employee by the hour to drive the evidence to Westchester and sit outside the laboratory during the examination. *See Blundon v. Goodyear Dunlop Tires N. Am. Ltd.*, 2012 WL 5473069, at *5 (W.D.N.Y. Nov. 9, 2012)("[D]efendant is to receive the tires and rims for inspection, conduct non-destructive and non-invasive testing and examination, and return them to plaintiffs. Failure to return the tires and rims as they were sent to defendant may result in an adverse instruction that the missing or destroyed tires or rims were as plaintiffs described them").

Similarly, although Defendants have expressed concern that the Office of the Attorney General may object to the expert's testing of the evidence, Plaintiff has received assurances by email from the Office of the Attorney General that it has no such concerns.[5]

As a matter of fairness, Plaintiff should be permitted access to the items without need to explain what non-destructive tests will be performed. To date, Defendants have maintained unfettered access to the physical evidence and have not been required to advise in advance of their experts' examinations. Indeed, late last month Defendants served an expert report which discussed a May 2018 examination, involving the movement of the vehicles by the Defendants' expert without notice to the Plaintiff. It is only fair that Plaintiff's expert be permitted to view the evidence without oversight from the Defendants, nor requirement to explain in advance the non-destructive testing to be performed. *See generally Huang v. Cont'l Tire The Americas, LLC*, 2011 WL 1641883, at *2 (E.D. Mich. Mar. 22, 2011)("The court finds that, because Plaintiff has had unfettered, unconstrained access to the tire without any videorecording or disclosure requirements, fairness requires that Defendant receive the same treatment"). *See also Bailey* at *6 ("The Court finds that, if Defendant had the cell phone in its possession and was able to examine it with an expert, that Plaintiff also should have the ability to examine the phone")

The Plaintiff thanks the Court for its consideration of this request.

> Respectfully Submitted
> HARFENIST KRAUT & PERLSTEIN, LLP
> Attorneys for Plaintiff
> By: *Neil Torczyner*
>      Neil Torczyner

---

[4] A copy of the Newton Order is appended hereto as Exhibit "D".

[5] A copy of e-mail correspondence from the Attorney General expressing no objection to the release of the item from Plaintiff's December 26, 2018 letter is appended hereto as Exhibit "E".