**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CINTHIA THEVENIN,

                        Plaintiff,

    - v -                                          Civ. No. 1:16-CV-1115
                                                                (DJS)

CITY OF TROY, *et al.*,

                        Defendants.

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| HACH & ROSE, LLP<br>Attorneys for Plaintiff<br>185 Madison Avenue, 14th Floor<br>New York, NY 10016 | MICHAEL A. ROSE, ESQ. |
| HARFENIST KRAUT &<br>PERLSTEIN LLP<br>Attorneys for Plaintiff<br>3000 Marcus Avenue, Suite 2E1<br>Lake Success, NY 11042 | NEIL S. TORCZYNER, ESQ. |
| FITZGERALD MORRIS BAKER<br>FIRTH, P.C.<br>Attorneys for Defendants<br>16 Pearl Street<br>P.O. Box 2017<br>Glens Falls, NY 12801 | JOHN D. ASPLAND, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

## ORDER

    Counsel for the Plaintiff Thevenin has requested that the City of Troy Defendants produce for inspection and testing, certain physical evidence, including bullets, related to the

above referenced civil rights case. The Defendants, while not opposing the substance of the request, have objected to sending the bullets directly to the Plaintiff's expert, and instead requested that the Court direct that any testing be done in the Albany area under the supervision of a Troy Police evidence technician. Dkt. No. 96. The basis for this request is the Defendants' concern for maintaining the custody of evidence in the event that any criminal action is subsequently brought. The Plaintiff objects to this requirement, noting the significant expense of having her expert travel from his offices in Westchester County. Plaintiff's counsel further notes that the New York State Attorney General's Office, which is presently involved in a prosecution of the only tangentially related case, has no objection to the release of the bullets to the Plaintiff's expert. Dkt. No. 97-5. The matter has thus been presented to the Court for resolution.

Rule 34 of the Federal Rules of Civil Procedure states in pertinent part:

(a) **In General**. A party may serve on any other party a request within the scope of Rule 26(b):
(1) to produce and permit the requesting party or its representative to inspect, copy, test or sample the following items in the responding party's possession, custody, or control: . . .
 (B) any designated tangible things. . ..

"Under [the discovery] rules, the presumption is that the responding party must bear the expense of complying with discovery requests, but [it] may invoke the district court's discretion under Rule 26(c) to grant orders protecting [it] from 'undue burden or expense' in doing so, including orders conditioning discovery on the requesting party's payment of the costs of discovery." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978).

As an initial matter, the Court has discretion to allow testing of particular items, whether that testing is considered destructive or non-destructive. *Gross v. Lunduski*, 304 F.R.D. 136, 158 (W.D.N.Y. 2014). In this case, Plaintiff's counsel has affirmatively represented that the analysis of the bullets will be wholly non-destructive. Dkt. No. 97. No argument has been presented that the proposed testing is somehow improper, or would not "aid in the search for the truth", *Gross v. Lunduski*, 304 F.R.D. at 158, and therefore the Court will allow it. This leads to the final question of whether or not I should order a specific production procedure so as to alleviate Defendants' concerns regarding the chain of custody of the bullets, and, if so, whether I should assign to a particular party or parties the additional cost of that requirement. I note that District Courts within New York have handled the matter differently. In the Southern District case cited by Plaintiff's counsel, *Newton v. City of New York,* 738 F. Supp. 2d 397, 402 (S.D.N.Y. 2010), the Court ordered that the City deliver to Plaintiff's expert, micro slides related to a rape test kit. Dkt. No. 97-4. Conversely, in a separate Southern District case involving testing of bullets in the possession of a police department, that Court directed that the inspection "will take place at the police department under the supervision of defendants and their counsel." *Fletcher v. New York*, 1988 WL 13770, at * 5 (S.D.N.Y. Feb. 16, 1988).

Recognizing the wide discretion that this Court possesses, as well as my obligation under Rule 1 to ensure that this important matter proceeds in a just, speedy, and inexpensive manner, the Court GRANTS IN PART AND DENIES IN PART the request of the City of

Troy Defendants. In particular, the Court directs that the subject physical evidence be produced by the Defendants' Evidence Technician to the Office or designated lab of Plaintiff's Expert, at a jointly agreed-to time. The Evidence Technician will wait while the testing is conducted, and then retake custody of the physical evidence, to be returned back to the City's evidence locker, or wherever it is kept secure. The cost associated with this transportation shall be borne by the City Defendants, as it is their need to maintain chain of custody which mandates this specialized delivery process.

Accordingly, it is hereby

**ORDERED**, that the Plaintiff's Letter-Request to direct production of certain physical evidence, including bullets, to Plaintiff's Expert's Offices in Westchester County for their non-destructive testing, (Dkt. No. 97) is hereby **GRANTED**, and it is further,

**ORDERED**, that the Letter-Request of the City of Troy Defendants (Dkt. No. 96) setting conditions on the production of the physical evidence is hereby **GRANTED IN PART AND DENIED IN PART** as set forth above.

**SO ORDERED**.

Date: January 10, 2019
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge