UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CINTHIA THEVENIN, individually, and as wife of Edson
Thevenin, Decedent, and as Administratrix of the Estate of
Edson Thevenin, and as mother and natural guardian of Infant
N.T. and as mother and natural guardian of Infant Z.T.,,

                                    Plaintiffs,

          -against-                                              Civil No. 1:16-CV-1115 (DJS)

THE CITY OF TROY, and SERGEANT RANDALL
FRENCH,

                                    Defendants.
_____

## DECLARATION

John D. Aspland, Jr. declares under penalty of perjury and upon information and belief:

1. I am licensed to practice law in the State of New York and am duly admitted to practice in the Northern District of the State of New York and am a member of the law firm of FitzGerald Morris Baker Firth, P.C., counsel of record for Defendants City of Troy and Sergeant Randall French and I am familiar with the procedural history of this action. I respectfully submit this Declaration in support of Defendants' Motion for Summary Judgment pursuant to FRCP Rule 56 and to identify for the Court pertinent pleadings, testimony, and exhibits in support of Defendants' Motion for Summary Judgment. I do not allege personal knowledge of the facts.

2. I further make and submit this Declaration, together with the exhibits contained in the accompanying Record of Exhibits and referenced herein, in support of the instant Motion for Summary Judgment in this action pursuant to Fed. R. Civ. P. Rule 56, upon the grounds that there

1

are no issues of material fact that require a trial thereof and that this Court can grant judgment as a matter of law.

3. The facts underlying this matter are set forth in greater detail in the accompanying Statement of Facts submitted pursuant to Local Rule 7.1. In brief, however, it is the Plaintiff's allegation that Defendant Sergeant Randall French used excessive force while attempting to take Edson Thevenin into custody and halt his flight from arrest in the early morning hours of April 17, 2016. Plaintiff seeks further redress against the City of Troy asserting that the City is liable under §1983 pursuant to the Supreme Court's decision in Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), commonly referred to as a Monell claim. Lastly, Plaintiff asserts claims of assault and battery, wrongful death and conscious pain and suffering founded upon New York State law and asserted as supplemental claims.

4. The Plaintiff's claims stem from an incident which occurred in the early morning hours of April 17, 2016 on the Collar City Bridge in the City of Troy, New York.

5. On April 17th, 2016, Sergeant Randy French was involved in the traffic stop, attempted arrest and subsequent vehicular pursuit of Edson Thevenin as he fled the scene of the traffic stop.

6. After a brief chase in which Mr. Thevenin led Sergeant French through the streets of Troy, at times against the flow of traffic, Thevenin crashed into a concrete barrier on the Collar City Bridge.

7. Sergeant French, in an attempt to preempt any further efforts of Mr. Thevenin to continue his flight, positioned his vehicle to the front of Mr. Thevenin's vehicle at an angle.

8. Thevenin's vehicle accelerated rearwards, and collided with the vehicle of Captain Matthew Montanino, who had parked behind Thevenin.

9. As Sergeant French exited his vehicle, he became pinned as Mr. Thevenin, undaunted by the presence of Sergeant French and his patrol vehicle in his way, accelerated into French and his patrol vehicle.

10. French found himself trapped, and his efforts to free himself were not successful. As he heard Thevenin's vehicle continue to rev its engine, and the pain and pressure on his leg grew, Sergeant French was faced with the threat of his leg breaking, or worse, getting killed by Thevenin as he appeared to be attempting to drive through Sergeant French.

11. French then made the decision to utilize the tools available to him to attempt to end the threat to his life and his bodily integrity. As such, he took aim, and fired his weapon at Thevenin.

12. However, the use of his weapon did not end the threat, as French found himself laid out on the hood of Thevenin's vehicle, with his leg still trapped, and the vehicle still accelerating.

13. Still perceiving the prospect of death or serious bodily injury, and hearing the engine of Thevenin's vehicle still revving, French again faced the prospect of utilizing deadly force to defend himself, and aimed and fired his weapon towards Thevenin. French continued firing until he perceived the engine to have stopped revving.

14. Sergeant French, pursuant to his training, endeavored to reload his weapon in case the threat persisted, but he determined that the threat was ended when he observed Captain Montanino removing Thevenin from the driver's seat of the Honda.

15. The claims against Sergeant French cannot survive summary judgment because the uncontroverted facts reflect that the force used by French was reasonable, and further, that he is protected from suit by the shield of qualified immunity. Further, Sergeant French's use of force was privileged pursuant to New York State Penal Law §35.30, as Sergeant French reasonably

believed that the use of deadly physical force was necessary to defend himself from what he reasonably believed to be Thevenin's use of deadly physical force against him.

16. An Officers use of deadly force is objectively reasonable if he or she has "probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." Tennessee v. Garner, 471 U.S. 1, 105 S. Ct. 1694, 85 L. Ed. 2d 1 (1985)

17. In making this assessment, it is only the moments immediately prior to and at the moment of the use of deadly force which are relevant. See, Rose v. City of Utica, No. 614CV01256BKSTWD, 2018 WL 2041621, at *11 (N.D.N.Y. Apr. 19, 2018).

18. Here, Sergeant French testified that Thevenin's vehicle was pinning him against his patrol vehicle and continued to accelerate, and that French could not free himself. As the pain to his trapped leg increased, and as French feared he would be pulled under the vehicle and killed, he determined to utilize deadly force in order to end the threat to his life and bodily integrity.

19. In the absence of clear, applicable precedent plainly establishing that an officer in Sergeant French's position is constitutionally prohibited from utilizing deadly force, Sergeant French is entitled to qualified immunity. See Kisela v. Hughes, 138 S. Ct. 1148, 1152, 200 L. Ed. 2d 449 (2018).

20. Further, there is no evidence in the record, and no allegations which relate to any deficiency in the training provided by Defendant City of Troy so as to support a claim against the City pursuant to Monell. As a municipality cannot be subject to *respondeat superior* liability for the acts of their employees, a Plaintiff asserting a claim against a municipality under §1983 must prove, *inter alia*, that the individuals who violated their federal rights took 'action pursuant to official municipal policy'." Outlaw v. City of Hartford, 884 F.3d 351, 372 (2d Cir. 2018). Here, the evidence in the record is insufficient to substantiate an allegation of an official municipal policy

which led to the violation of Thevenin's rights and therefore Defendant City of Troy is entitled to summary judgment. See, Id. at 356.

WHEREFORE, Defendants respectfully request that the Court issue an Order pursuant to Fed. R. Civ. P. Rule 56 granting Summary Judgment and dismissing this action, authorizing the Defendants to submit an application for the recovery of attorney's fees pursuant to 42, U.S.C. Section 1988, together with such other further and different relief as is just and proper.

Dated: February 28, 2019

_____
John D. Aspland, Jr., Esq.
Bar Roll #512134
FitzGerald Morris Baker Firth PC
Attorneys for Defendants
68 Warren Street
Glens Falls, NY 12801
(518) 745-1400