

## HKP | HARFENIST KRAUT & PERLSTEIN LLP

NEIL TORCZYNER
Attorney at Law
DIRECT TEL.: 516.355.9612
DIRECT FAX: 516.355.9613
NTORCZYNER@HKPLAW.COM

June 24, 2019

John D. Aspland, Esq.
FitzGerald Morris Baker Firth, P.C.
16 Pearl Street
Glens Falls, NY 12801

By: Electronic Mail Only

    Re: Cinthia Thevenin, et al. v. The City of Troy, et al.
    Docket No: 16-CV-01115 (DJS)

Dear Mr. Aspland:

As you know, the firm of Harfenist Kraut and Perlstein, LLP along with Hach & Rose, LLP, represent the Plaintiff in this matter.

I write in reference to Defendants' June 21, 2019 Supplemental Response to Plaintiff's First and Fourth Demands for the Production of Documents in which Defendants disclose the existence of an "internal affairs report prepared in connection with the death of Edson Thevenin" and objects to disclosure as "privileged and confidential pursuant to New York Civil Rights Law §50-a."

As you may recall from our letter of June 20, 2019, Plaintiff was recently advised of the existence of this internal affairs report and further believes that since the Troy Police Department's Internal Affairs Bureau (IAB) suspended its investigation on May 6, 2016, there may be additional investigative materials gathered by the IAB which were not disclosed. Although the Supplemental Response only discusses the "internal affairs report" we deem the Supplemental Response to be an objection to providing: (1) the IAB report; (2) investigatory materials gathered by the Troy Police Department IAB and (3) any analysis and correspondence by the Troy Police Department in relation to the IAB report.

Notwithstanding Defendants' objection, Plaintiff submits that the items which are the subject of the demand are discoverable, since the claims at issue arise under 42 USC §1983 and as such the Federal Court is not bound by state laws of discoverability or privilege. *See generally King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y.1988) ("New York state law does not govern discoverability and confidentiality in federal civil rights actions.... Simple direct application of the state rule would be undesirable and improper. It would often frustrate the important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in section 1983."). *See also Worthy v. City of Buffalo*, 2014 WL 4640884, at *3 (W.D.N.Y. Sept. 16, 2014)("It is undisputed that under federal law, New York Civil Rights Law section 50–a does not prohibit discovery of police personnel documents").

3000 MARCUS AVENUE, SUITE 2E1
LAKE SUCCESS, NY 11042
T - 516.355.9600 F - 516.355.9601

2975 WESTCHESTER AVENUE, SUITE 415,
PURCHASE, NY 10577
T - 914.701.0800 F - 914-708-0808

HKP
**John Aspland, Esq.**
**June 24, 2019**
**Page 2 of 2**

Additionally, at least one Judge in the Southern District has ruled that not only would reports related to the shooting be discoverable, they should not be subject to a filing under seal. *See generally Collado v. City of New York*, 193 F. Supp. 3d 286, 289 (S.D.N.Y. 2016)("Defendants seek to file under seal numerous internal NYPD documents pertaining to the 2011 shooting. Plainly, under the standards set forth above, those documents are judicial documents subject to a strong presumption of public access. The documents comprise a significant proportion of the factual record before the Court and they pertain to matters that "directly affect" the Court's adjudication of Defendants' Motion for Summary Judgment. Indeed, it would be difficult for a member of the public to get a full picture of the Court's reasoning without access to those documents").

I am available for a meet and confer as to the potential issues raised by this request. As part of this conversation, I would like to discuss the landscape of the documents. i.e. the total number of internal affairs reports and other Troy Police Department documents related to the investigation, and whether the Defendants intend to assert Civil Rights Law §50-a as to all materials or if some items can be voluntarily. Please let me know when a convenient time would be for you to speak over the next few days.

Thank you for your attention to this matter. If you have any questions or require additional information, please do not hesitate to contact me.

> Sincerely,
> HARFENIST KRAUT & PERLSTEIN, LLP
> By: *Neil Torczyner*
> Neil Torczyner

CC:   Steven Harfenist Esq. (by electronic mail only)
      Michael Rose Esq. (by electronic mail only)