

STEVEN J. HARFENIST
DIRECT TEL.: 516-355-9630
DIRECT FAX:  516-355-9601
SHARFENIST@HKPLAW.COM

July 12, 2019

**Via: ECF**
U.S. Magistrate Judge Daniel J. Stewart
James T. Foley U.S. Courthouse
445 Broadway - 4th Floor
Albany, New York 12207

  Re: *Cinthia Thevenin, et al.  v. The City of Troy, et al.*
     Docket No: 16-CV-01115(DJS)

Dear Magistrate Judge Stewart:

  The firm of Harfenist Kraut and Perlstein, LLP along with Hach & Rose, LLP, represents the Plaintiff in this matter. As the Court is aware, during the parties' telephone conference with the Court on Tuesday July 9, 2019, the Court requested that Plaintiff respond to Defendants' July 8, 2019 letter seeking an Order permitting them to depose Plaintiff's counsel – Michael Rose in order to obtain the identity of the source who advised him of the ISB report's existence (DE 116). Please allow this letter to address same.[1]

  In *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 70 (2d Cir. 2003) the Second Circuit spoke to the issue of requests to depose opposing counsel, stating that "depositions of opposing counsel are disfavored" but "the disfavor with which the practice of seeking discovery from adversary counsel is regarded is not a talisman for the resolution of all controversies of this nature." The Circuit then set down a test for the potential deposition, explaining that

> [T]he standards set forth in Rule 26 require a flexible approach to lawyer depositions whereby the judicial officer supervising discovery takes into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship. Such considerations may include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted. These factors may, in some circumstances, be especially appropriate to consider in determining whether interrogatories should be used at least initially and sometimes in lieu of a deposition. Under this approach, the fact that the proposed deponent is a lawyer does not automatically insulate him or her from a deposition nor automatically

---

[1] In addition to the response to the request to depose Plaintiff's counsel, the Court also requested that Plaintiff respond to Defendants' July 8, 2019 letter seeking a Protective Order governing the use of the Defendants' ISB Report on the investigation of the death of Edson Thevenin (DE 115). The response to that application is being filed in a separate letter brief.

3000 Marcus Avenue, Suite 2E1
Lake Success, NY 11042
T – 516.355.9600 F – 516.355.9601

2975 Westchester Avenue, Suite 415,
Purchase, NY 10577
T – 914.701.0800 F – 914-708-0808.

> require prior resort to alternative discovery devices, but it is a circumstance to be considered.

*Id*. at 71-72.

Here, the Defendants do not truly seek to depose Mr. Rose, notwithstanding that they have requested his deposition. Indeed, their letter contains no discussion of the law in this Circuit on deposing counsel, nor argument as to why they should be afforded this extraordinary remedy. Instead, they make a series of irresponsible accusations that Mr. Rose has purportedly engaged in unethical conduct by speaking to a party represented by counsel. However, Defendants' allegations are unfounded, and their authority for their claim is inapposite to this case.

As the Court was previously advised, the person who Mr. Rose spoke with is not a City of Troy employee, the entire exercise is an attempt to deflect attention from the fact that the Defendants assembled an ISB report and "boxes" of related documents without divulging their existence until Plaintiff received a tip of their existence. The bigger question is why did Troy withhold this highly relevant discovery?

### Mr. Rose did not speak with a Troy Employee

Although the issue was addressed in the conference call with the Court, Plaintiff encloses the Declaration of Michael Rose stating that the person he spoke with is not an employee of the City of Troy nor an employee of the Troy Police Department. (Rose Decl. at ¶7). Additionally, Mr. Rose declares that the person who advised him of the ISB report did not provide him with any substantive information about the ISB report and that he was unaware of the ISB report's findings before the report was e-mailed by Defendants' counsel at 5:15PM on Tuesday July 8th. (Rose Decl. at ¶8).

### The Fact that an ISB Report Exists is not Confidential Information under New York Civil Rights Law §50-a

Contrary to the Defendants' repeated "mantra" that New York Civil Rights Law §50-a "prohibits the disclosure of records which are used to evaluate performance" and that "such material may only be divulged upon a lawful order of a court…" this statute does not help them here because Defendants misstate and misapply the statute.

§50-a has no provision which prohibits disclosure of the existence of an ISB report. Instead, the statute provides that "personnel records used to evaluate performance toward continued employment or promotion…. shall be considered confidential and not subject to inspection or review." While Civil Rights Law §50-a deems the records confidential, it does not bar disclosing that the records exist. Indeed, had Defendants' counsel been apprised of the ISB report, it is certain that Defendants would have provided a privilege log stating that there was a report, rather than objecting to even answering whether the report existed.

### Communication with the Anonymous Source is not barred by the Rules of Professional Responsibility

Defendants' second argument is based on Rule 4.2 of the New York State Rules of Professional Conduct and comment 7 to such rule which bars communication with a represented party. (Brandi Ltr. at p.2). As the source who spoke with Mr. Rose is not an employee of the Defendants this argument is easily disposed.

### The Anonymous Source did not Divulge Privileged Information

Defendants assert that even if the communications were permissible, Plaintiff was under an obligation not to "use methods of obtaining evidence that violate the legal rights of the organization, citing to Comment 7 of Rule 4.2 and *Muriel Siebert & Co. v. Intuit Inc.*, 8 N.Y.3d 506, 511, 868 N.E.2d 208, 210 (2007) (Brandi Ltr. at p.3).

While Defendants are quick to accuse unethical conduct, they mis-cite the authority upon which they rely. As the *Siebert* Court noted in the passage cited by Defendants:

> The policy reasons articulated in *Niesig* concerning the importance of informal discovery underlie our holding here that, so long as measures are taken to steer clear of privileged or confidential information, adversary counsel may conduct ex parte interviews of an opposing party's former employee. Indeed, there is no disciplinary rule prohibiting such conduct. At the time of the interview, Dermigny no longer had the authority to bind Siebert in the litigation, was no longer charged with carrying out the advice of Siebert's counsel, and did not have a stake in the representation.

*Id*. at 511.

In this case, the source was not binding the Defendants nor was he providing privileged or confidential information. Unless Defendants take the position that the very disclosure of the existence of the report is privileged information, there is simply no basis for their accusation of unethical conduct.

### Plaintiff has no Obligation to Identify the Source

Defendants' also claim that Plaintiff had a requirement to identify the source under FRCP 26. Leaving aside the irony as to the Defendants' failure to disclose the report under FRCP 26, there is no basis under FRCP 26 to identify a person who knows that a document exists. Indeed, the fact that this person knew that there was an ISB report does not turn the person into an individual with knowledge which may be used to support a claim or defense. If this was the case, the Defendants would have been required to identify in their Rule 26 disclosure each and every person who knew or participated in the creation of the ISB report.

**Plaintiff had a Legitimate Interest in Protecting the Source**

Defendants' final argument is that Plaintiff purportedly has no legitimate interest in protecting the identity of the source. However, given that the person has indicated that he wished to remain anonymous, coupled with the fact that he has not disclosed any material facts which are related to the claims and defenses, there is no legitimate reason that this person should be divulged.

For all of the foregoing reasons, it is respectfully submitted that Defendants' application (DE 116) should be denied.

                                Respectfully Submitted
                                HARFENIST KRAUT & PERLSTEIN, LLP
                                *Attorneys for Plaintiff*

By:     *S/ Steven J. Harfenist*
                Steven J. Harfenist
                Neil Torczyner

cc:    All Counsel (via ECF)