

NEIL TORCZYNER
Attorney at Law
DIRECT TEL.: 516.355.9612
DIRECT FAX: 516.355.9613
NTORCZYNER@HKPLAW.COM

July 12, 2019

U.S. Magistrate Judge Daniel J. Stewart
James T. Foley U.S. Courthouse
445 Broadway - 4th Floor
Albany, New York 12207
By: ECF

      Re: Cinthia Thevenin, et al. v. The City of Troy, et al.
      Docket No: 16-CV-01115(DJS)

Dear Judge Stewart:

      The firm of Harfenist Kraut and Perlstein, LLP along with Hach & Rose, LLP, represents the Plaintiff in this matter. During the parties' telephone conference with the Court on Tuesday July 9, 2019, the Court requested that Plaintiff respond to Defendants' July 8, 2019 letter seeking a Protective Order governing the use of the Defendants' ISB Report on the investigation of the death of Edson Thevenin (DE 115). As part of this response, Plaintiff was also requested to state whether Plaintiff intends to rely on the ISB report in a supplemental response to the pending summary judgment motion and to address the Second Circuit's July 3, 2019 decision in *Brown v. Maxwell*, __ F.3d __, 2019 WL 2814839 (2d Cir. 2019). Please allow this letter to address same.[1]

**Scope of Contemplated Materials and Potential Use**
      Following the parties conference with the Court on Tuesday, Plaintiff was provided with the ISB Report on Tuesday evening; 5.5 hours of audio files of recorded interviews on Wednesday evening and approximately 550 pages of documents on Thursday. Defendants have asserted that all of these materials are protected under New York Civil Rights Law §50-a and that they should be subject to a Protective Order which would bar disclosure and require filing under seal if used in the context of the Summary Judgment motion and potentially would require closed proceedings if the materials were introduced at trial.

**New York Civil Rights Law §50-a Should Not Bar the Use of the Materials by Counsel**
      It is well established that a Federal Court is not bound by state laws of discoverability or privilege. *See generally King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y.1988) ("New York state law does not govern discoverability and confidentiality in federal civil rights actions.... Simple direct application of the state rule would be undesirable and improper. It would often frustrate the important federal interests in broad discovery and truth-seeking and the interest

---

[1] In addition to the response to the use of the ISB report, the Court also requested that Plaintiff respond to Defendants' July 8, 2019 letter seeking an Order permitting them to depose Plaintiff's counsel – Michael Rose in order to obtain the identity of the source who advised him of the ISB report's existence (DE 116). The response to that application is being filed in a separate letter brief with enclosure.

3000 MARCUS AVENUE, SUITE 2E1
LAKE SUCCESS, NY 11042
T – 516.355.9600 F – 516.355.9601

2975 WESTCHESTER AVENUE, SUITE 415,
PURCHASE, NY 10577
T – 914.701.0800 F – 914-708-0808.

in vindicating important federal substantive policy such as that embodied in section 1983."). *See also Worthy v. City of Buffalo*, 2014 WL 4640884, at *3 (W.D.N.Y. Sept. 16, 2014) ("It is undisputed that under federal law, New York Civil Rights Law section 50–a does not prohibit discovery of police personnel documents").

Notwithstanding that Civil Rights Law §50-a is inapplicable to these proceedings, Defendants request that the Court exercise its inherent power under FRCP 26(c) to issue a protective order. To this end, Defendants cite to the purpose of §50-a and the Court of Appeals decision in *Daily Gazette Co. v. City of Schenectady*, 93 N.Y.2d 145, 710 N.E.2d 1072 (1999). However, Defendants view the statute far more paternalistically than the State Legislature and their requested application would require closed courtrooms whenever a relevant disciplinary record was introduced.

As was explained by the Court of Appeals in *Capital Newspapers Div. of Hearst Corp. v. Burns*, 67 N.Y.2d 562, 569, 496 N.E.2d 665, 669 (1986) "the legislative intent underlying the enactment of Civil Rights Law § 50–a was narrowly specific, 'to prevent time-consuming and perhaps vexatious investigation into irrelevant collateral matters in the context of a civil or criminal action." This sentiment was echoed in the *Daily Gazette* matter cited by Defendants where the Court stated that §50-a "was designed to prevent abusive exploitation of personally damaging information contained in officers' personnel records—perhaps most often in connection with a criminal defense attorney's FOIL application for purposes of general cross-examination of a police witness in a criminal prosecution." *Daily Gazette Co. v. City of Schenectady*, 93 N.Y.2d at 154.

In the case at bar, Plaintiff is not seeking to cross-examine a witness on a collateral matter. Instead, the ISB Report is directly relevant to the central issue in this matter – was French's shooting of Thevenin an illegal act which violated Thevenin's civil rights? This use would fall in line with the Court's reasoning in *Daily Gazette*, wherein the Court of Appeals opined that "[t]he legislative purpose was to prevent disclosure of officers' personnel records except when a legitimate need for them has been demonstrated sufficiently to obtain a court order, <u>generally upon a showing that they are actually relevant to an issue in a pending proceeding</u>." *Id*. at 155 (emphasis supplied).

Furthermore, while Defendants may be correct that the use of the ISB report may cause "annoyance and embarrassment" it would not justify a protective order limiting the use of the report in evidence. *See Rogers v. Henry*, 2017 WL 5495805, at *6 (E.D.N.Y. Sept. 12, 2017)("Although the court does not condone plaintiff's ad hominem attacks on defendant's character, and is sympathetic to defendant's position, his "annoyance and embarrassment" are not sufficiently strong countervailing factors to outweigh the "strong presumption" in favor of public access to the documents central to the court's role in adjudicating this case").

In light of the above it is requested that the Court deny Defendants' request that the ISB report be protected from distribution under an "attorneys eyes only" designation and

that Plaintiff be permitted to use the ISB report and audio interviews for all litigation related purposes.

**The Proceedings Should Not Be Sealed**

In addition to seeking to have Plaintiff's counsel use of these records limited, Defendants request would require future filings on the Summary Judgment motion (and the eventual trial) to be made under seal. During the conference call with the Court on Tuesday, Plaintiff was asked to discuss the impact of the recent Second Circuit decision in *Brown v. Maxwell*, __ F.3d __, 2019 WL 2814839 (2d Cir. 2019) on this request. Having reviewed the law on this issue, Plaintiff would respectfully request that the Defendants motion be denied as they have not met their burden in this regard.

As explained by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006) "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment."

In *Collado v. City of New York*, 193 F. Supp. 3d 286 (S.D.N.Y. 2016) a Judge of the Southern District applied *Lugosch* to deny an application to seal records in a nearly identical fact pattern to the case bar, stating

> Defendants seek to file under seal numerous internal NYPD documents pertaining to the 2011 shooting. Plainly, under the standards set forth above, those documents are judicial documents subject to a strong presumption of public access. The documents comprise a significant proportion of the factual record before the Court and they pertain to matters that "directly affect" the Court's adjudication of Defendants' Motion for Summary Judgment. Indeed, it would be difficult for a member of the public to get a full picture of the Court's reasoning without access to those documents.

*Id.* at 289.

Although the recent decision in *Brown v. Maxwell* involved a different procedural posture than the case at bar, it is submitted that the decision would support the denial of the relief sought by Defendants. In *Brown*, the Second Circuit reviewed the trial court's decision to allow records which the parties had jointly agreed to file under seal to remain sealed. In analyzing the law in this regard, the *Brown* court began with a citation to the law as set forth in *Lugosch*, explaining that

> With respect to the first category of materials, it is well-settled that "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." In light of this strong First Amendment presumption, "continued sealing of the documents may be justified only with specific, on-the-record findings that

>sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim."

*Id.* at *3.

Thereafter, the *Brown* court noted that when considering a request to seal a record, a District Court must "review the documents individually and produce "specific, on-the-record findings that sealing is necessary to preserve higher values." *Id.*

In the case at bar, Defendants ask for the broad protection of a sealing order without explaining the specific factual material contained in the ISB Report which should be protected. Having not provided any reason for the protection and with the understanding that the Court specified in its Order of July 2, 2019,[2] the caselaw in this Circuit would mandate that the request to seal be denied.

Lastly, although the ultimate form of the submission would be dependent on the Court's ruling on these issues, Plaintiff would respectfully request one week to provide a five page supplemental letter brief which references the new materials provided by Defendants on July 9-11.

The Plaintiff thanks the Court for its consideration of this request.

>Respectfully Submitted
>HARFENIST KRAUT & PERLSTEIN, LLP
>Attorneys for Plaintiff
>By: *Neil Torczyner*
>       Neil Torczyner

---

[2] In its unnumbered docket entry for July 2, 2019, the Court explained that "This investigative report concerns an incident which has already received extensive publicity; was the subject of a separate Attorney General Report that has been published; most or all of the witnesses mentioned in the Report have already been deposed; and the facts covered by this Report will be part of this Court's upcoming summary judgment decision, which will be a public record."