UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CINTHIA THEVENIN,

                          Plaintiff,

        v.                                    1:16-CV-1115
                                                      (DJS)

CITY OF TROY and
SERGEANT RANDALL FRENCH,

                          Defendants.
_____

**APPEARANCES:**                                    **OF COUNSEL:**

HACH & ROSE, LLP                       MICHAEL A. ROSE, ESQ.
Attorneys for Plaintiff
185 Madison Avenue, 14th Floor
New York, NY 10016

HARFENIST KRAUT &                 STEVEN J. HARFENIST, ESQ.
PERLSTEIN LLP                             NEIL S. TORCZYNER, ESQ.
Attorneys for Plaintiff
3000 Marcus Avenue, Suite 2E1
Lake Success, NY 11042

FITZGERALD MORRIS BAKER FIRTH     JOHN D. ASPLAND, ESQ.
Attorneys for Defendants                    MICHAEL BRANDI, ESQ.
16 Pearl Street
P.O. Box 2017
Glens Falls, NY 12801

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION & ORDER

     This Decision addresses several outstanding issues resulting from the belated

disclosure of a City of Troy Inspectional Services Bureau ("ISB") Investigative Report

- 1 -

and its supporting documents and recordings. The ISB Report relates to facts, disputed facts, and/or purported facts concerning the shooting at issue and events leading up to it. The Report also contains at least one Police Officer's conclusion, based upon his review of departmental regulations, regarding the propriety or impropriety of the use of force on the early morning hours of April 17, 2016. Defendants seek a protective order, pursuant to FED. R. CIV. P. 26 precluding public disclosure of any of these materials. *See* Dkt. Nos. 115, 123, & 127. Also, at issue is whether supplemental filings in favor of and in opposition to the pending Motion for Summary Judgment, which have been filed preliminarily under seal, *see* Dkt. No. 124, should remain sealed. Plaintiff filed the ISB Report as part of her supplemental submissions. Dkt. No. 125. Defendants have also made a request to strike the ISB Report from the summary judgment record. *See* Dkt. No. 127 at p. 6. These issues are addressed here because the Court recognizes that the parties will need some guidance as to what matters may be raised in open court during oral argument on the Motion for Summary Judgment which is scheduled for August 21, 2019. In addition, Defendants have sought an order requiring Plaintiff to disclose the identity of the source who brought the existence of the ISB investigation to Plaintiff's attention. Dkt. Nos. 116 & 123.

## I. The Supplemental Summary Judgment Filings

Following disclosure of the ISB material, the parties were given leave to file supplemental papers addressing the relevancy of the recently disclosed information to the parties' arguments on the pending summary judgment motion. Dkt. No. 124. Because the application for a protective order remained pending, the Court directed that those

filings be made preliminarily under seal. *Id.* Each party has made supplemental submissions and, as noted, Plaintiff's submission includes a copy of the ISB Report itself. Dkt. No. 125. No other documents from the belated disclosure have been filed with the Court.

## A. Motion to Strike

In response to Plaintiff's filing of the ISB Report, Defendants seek to strike the Report from the summary judgment record on the ground that it is not admissible for a number of reasons. Dkt. No. 127 at pp. 1-6.

"When seeking to strike, the moving party bears a heavy burden, as courts generally disfavor motions to strike." *Peters v. Molloy Coll. of Rockville Ctr.*, 2010 WL 3170528, at *1 (E.D.N.Y. Aug. 10, 2010).[1] The law is well established that only admissible evidence can be considered to defeat summary judgment. *Reinhart v. City of Schenectady Police Dep't*, 599 F. Supp. 2d 323, 326 (N.D.N.Y. 2009). "Parties should assume that courts will undertake this obligation faithfully and fully review the proffered evidence of record and draw appropriate conclusions." *Ricci v. Destefano*, 2006 WL 2666081, *2 (D. Conn. Sept. 15, 2006). Defendants have now clearly raised their evidentiary objections to the Court's consideration of the ISB Report as evidence on the summary judgment motion. This briefing presents the Court with the relevant arguments and makes the motion to strike unnecessary as the court will evaluate this Motion, as it does all, solely in light of the evidence properly considered under FED. R. CIV. P. 56. *See*

---

[1] Defendants have not actually filed a formal motion in compliance with this Court's rules, but in the interest of expedience, the Court accepts Defendants' letter as such a motion.

*Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 2015 WL 1481683, at *4-5 (N.D.N.Y. Mar. 31, 2015). Therefore, the motion to strike is denied.

### B. Whether the ISB Report Should Remain Under Seal

These documents were filed preliminarily under seal which enabled the parties to determine what documents they believed were relevant to the summary judgment motion and to make further arguments regarding whether material should be subject to a protective order. Dkt. No. 124. Now that those filings have been made, the Court must assess whether those documents should remain sealed. "The decision to unseal a document filed under seal is a matter left to the district court's discretion." *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 165 (E.D.N.Y. 2006).

The Second Circuit quite recently reaffirmed that

> it is well-settled that documents submitted to a court for its consideration in a summary judgment motion are - as a matter of law - judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment. In light of this strong First Amendment presumption, continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim.

*Brown v. Maxwell*, 929 F.3d 41, 37 (2d Cir. 2019) (internal quotations omitted). Defendants maintain that continued sealing is warranted to protect "higher values such as the preservation of law enforcement efficiency and the privacy interests of Defendants." Dkt. No. 127 at p. 5. On this record neither is sufficient to overcome the strong presumption of access.

Defendants do not explain in any detail how maintaining the ISB Report under seal will have any impact on law enforcement efficiency. Defendants suggest that the ISB

Report should remain confidential because it is based in part on interviews that were likely conducted based on an expectation of confidentiality. *See* Dkt. No. 123 at p. 2 (citing *Rose v. City of Utica*, 2018 WL 2041621 (N.D.N.Y. Apr. 19, 2018)). This matter, however, must be judged on its own facts. For example, it appears that the document in question in the *Rose* litigation was part of the police officer's personnel file and involved an incident that occurred more than five years before the shooting in question. *Rose v. City of Utica*, 6:14-CV-1256, Dkt. No. 145 at p. 3. In the present case, the ISB Report was not part of the Officer's personnel file,[2] and critically deals with events that are central to the litigation at issue. There may be some merit to the claim that revealing an internal investigative file could be damaging to the investigative process if, for example, it would result in disclosure of a confidential informant or a particularly unique method of investigation. Beyond their largely conclusory assertions, however, Defendants point to no confidential investigatory tactics or information that would be impaired by the disclosure of this Report. In addition, most of the witnesses who were referenced in the ISB Report were the same witnesses who were deposed in the underlying litigation and whose depositions have already been submitted to the Court in connection with the summary judgment motion. The Court concludes that *Rose* is readily distinguishable.

As the Court has previously discussed, the events underlying this litigation have been widely publicized. Statements of witnesses and the police accident reconstruction report that make up much of the document in question have been the subject of extensive

---

[2] The Court performed an *in camera* review of Sgt. French's personnel file before and after the date of the ISB Report and the Report was not contained therein.

discovery, including depositions, and no party has ever sought to impose a protective order on that discovery based on a particularized concern regarding public disclosure. Regarding investigative reports in general, the Court notes that the New York State Attorney General's Office has already published an extensive report on the investigation into the death of Edson Thevenin. *See* https://ag.ny.gov/sites/default/files/oag_report_-_edson_thevenin.pdf.

Defendants also reiterate their position that disclosure is barred by New York Civil Rights Law section 50-a, but as this Court has previously noted, the provisions of section 50-a of the Civil Rights Law of the State of New York, while important, do not control this federal proceeding. Dkt. No. 113.

It is clear to the Court, therefore, that the sole subject which is sought to be prevented from disclosure are the conclusions of this particular Report prepared by a Captain of the Troy Police Department, and the basis for that request is the belief that those conclusions are wrong and will embarrass one or more of the Defendants. However, the critical issue for this Court to decide is whether the use of force in this case was constitutionally authorized, and if not, whether the officer is nevertheless entitled to immunity because he acted reasonably, but mistakenly. The fact that the result of that process may exonerate or embarrass a particular individual is a natural outcome of the case itself and is not a proper basis to seal filings and arguments in connection with this Court's judicial function. Indeed, such an argument could be made in connection with any case accusing a defendant of misconduct. Defendants point to the negative attention this incident has brought to Defendant French and cite newspaper articles regarding the

need to preclude disclosure in the interests of privacy given the fact that this matter has already been so public. The events at issue directly relate to Defendant French's performance of his duties as a police officer and "although the privacy rights of officers are not inconsequential, they should be 'limited in view of the role played by the police officer as public servant who must be accountable to public review.'" *Nat'l Cong. for Puerto Rican Rights ex rel. Perez v. City of New York*, 194 F.R.D. 88, 96 (S.D.N.Y. 2000) (quoting *King v. Conde*, 121 F.R.D. 180, 191 (E.D.N.Y. 1988)). Defendants' appeal to generalized privacy interests is insufficient to overcome the presumption of access to the ISB Report.

While the public's First Amendment right to know may not be implicated during the discovery phase of the litigation, *see* Dkt. No. 28, the present posture of the case is at the summary judgment stage. Reviewing the matter in total, considering the importance of the issue to the public and the extensive publicity already received, the Court does not discern any higher value that will be promoted by the continued sealing of the ISB Report. Whether the Court ultimately concludes that the ISB Report, or portions thereof, are not admissible for purposes of summary judgment[3] is not relevant to whether the information should remain sealed. As the Second Circuit has noted in this area of First Amendment access, it is error to conclude that "different types of documents might receive different weights of presumption based on the extent to which they were relied upon in resolving the motion." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006).

---

[3] That is a question the Court need not, and does not, reach in this opinion.

"If the rationale behind access is to allow the public an opportunity to assess the correctness of the judge's decision . . . documents that the judge should have considered or relied upon, but did not, are just as deserving of disclosure as those that actually entered into the judge's decision." *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.*, 101 F.R.D. 34, 43 (C.D.Cal.1984).

Prior to concluding, it is important to emphasize the role of such a report, or indeed any filing with the Court, in the judicial process. Simply because this document is filed with the Court, and therefore will become available to the public, does not mean that it has received some sort of judicial imprimatur regarding its accuracy. It may well be that the author of the Report is incorrect in his facts or his conclusions. While the Court has reviewed the ISB Report and its conclusions, no determination has been made concerning its admissibility. Further, the constitutional standard regarding the appropriate use of force is reserved solely to the Court, and any issues of truthfulness and credibility of a particular individual is a function reserved for the trial jury if the matter proceeds to trial. While the issue of qualified immunity does consider what a reasonable officer would conclude, this inquiry is not resolved simply by the findings of a particular officer. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991). That having been said, the Court finds the Report potentially relevant to the issues before it and concludes that there is no basis for a protective order at this late stage which would result in the denial of the public's right to view facts and documents properly presented to the Court in connection with a summary judgment motion.

For these reasons the Court concludes that the supplemental summary judgment filings by the parties, including the ISB Report, are judicial documents as to which no showing has been made to justify that they remain under seal. The Clerk of the Court is directed to unseal Docket Numbers 125 & 127.

## II. Defendants' Request for a Protective Order

In addition to the ISB Report, Defendants' disclosure included audio recordings of witness interviews and other documents related to the ISB investigation. Defendants seek a blanket protective order covering all of this information. Dkt. Nos. 115, 123, & 127. Plaintiff opposes Defendants' request. Dkt. No. 122.

Under FED. R. CIV. P. 26(c) the burden is on the party seeking the protective order to show "good cause" why the order is necessary. *Shibata v. Swingle*, 2018 WL 4522050, at *2 (N.D.N.Y. Feb. 26, 2018). The rule permits a court to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The remaining documents related to the internal investigation, unlike the ISB Report itself, have merely been "passed between the parties in discovery" and enjoy no presumption of public access. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

Having reviewed those documents, the Court concludes that the witness interviews, like deposition transcripts, concern individuals' factual recitations of events at issue in this case. Given that no party sought a blanket protective order regarding the deposition transcripts, the Court finds no basis for imposing such an order on the witness interviews associated with the ISB investigation. Having reviewed the remaining

material disclosed by the City of Troy, however, the Court concludes that because of their nature a protective order is warranted. *See*, *e.g.*, *Sterbens v. Sound Shore Med. Ctr. of Westchester,* 2001 WL 1549228, at *3 (S.D.N.Y. Dec. 5, 2001). That material has not been offered into evidence at this point and the evidentiary objections raised by Defendants would appear to be at their apex with regard to this remaining material.

Accordingly, Defendants' request for a protective order is denied as to the ISB Report and related witness interviews, but granted as to the remaining materials provided to Plaintiff related to the ISB investigation.

### III. The Source of Information Regarding the ISB Investigation

Plaintiff was made aware of the existence of the ISB investigation upon receiving a telephone call from an individual with knowledge of the investigation. The identity of that individual at this point is known only to Plaintiff's counsel. *See generally* Dkt. No. 121. Defendants contend that Plaintiff has an obligation to disclose the individual's name under either Rule 26 or Rule 34 of the Federal Rules of Civil Procedure. Dkt. Nos. 116 & 123. Those rules impose an ongoing obligation to supplement, as necessary, disclosures previously provided. FED. R. CIV. P. 26(e). Accordingly, Plaintiff is directed to supplement her Rule 26 and Rule 34 responses regarding this information, if necessary, on or before August 16, 2019.[4]

**ACCORDINGLY**, it is hereby

---

[4] Defendants' other requests for relief as to this question are denied without prejudice to renewal as circumstances may warrant.

**ORDERED**, that the Defendants' Motion for a Protective Order under Rule 26 is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED**, that Defendants' Motion to Strike the ISB Report from the record is **DENIED**; and it is further

**ORDERED**, that Docket Numbers 125 and 127 are hereby unsealed; and it is further

**ORDERED**, that Plaintiff is directed to supplement her Rule 26 and Rule 34 responses regarding this information, as necessary, on or before August 16, 2019.

Dated: August 9, 2019
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge