UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CINTHIA THEVENIN, *individually, and as wife of Edson Thevenin, Decedent, and as Administratrix of the Estate of Edson Thevenin, and as mother and natural guardian of Infant N.T. and as mother and natural guardian of Infant Z.T.*,

                          Plaintiff,

                                                              1:16-CV-1115
          v.                                                 (DJS)

CITY OF TROY and DANIELLE FRENCH, *as Administratrix of the Estate of Sergeant Randall French*,

                          Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| HACH & ROSE, LLP<br>Attorneys for Plaintiff<br>112 Madison Avenue, 10th Floor<br>New York, NY 10016 | MICHAEL A. ROSE, ESQ. |
| HARFENIST KRAUT &<br>PERLSTEIN LLP<br>Attorneys for Plaintiff<br>3000 Marcus Avenue, Suite 2E1<br>Lake Success, NY 11042 | STEVEN J. HARFENIST, ESQ.<br>NEIL S. TORCZYNER, ESQ. |
| FITZGERALD MORRIS BAKER FIRTH<br>Attorneys for Defendants<br>68 Warren Street<br>Glens Falls, NY 12801 | JOHN D. ASPLAND, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION & ORDER

Presently before the Court is Plaintiff's Motion to approve a proposed settlement of this action and order distribution of the settlement proceeds. Defendants have not opposed the Motion. For the reasons that follow, the Motion to approve the settlement and the distribution of assets is granted.

This case arises out of a police-civilian encounter that occurred on April 17, 2016, and ultimately ended in the shooting death of Edson Thevenin on the Collar City Bridge in Troy, New York. At the time of his death, Mr. Thevenin was married and the father of two children, "ZT" and "NT." This action was commenced on September 13, 2016, and alleged claims for, *inter alia*, civil rights violations under 42 U.S.C. § 1983, assault and battery, and wrongful death. Dkt. No. 1. On October 12, 2016, Defendants answered the Complaint and denied that they violated Mr. Thevenin's civil rights or wrongfully caused his death. Dkt. No. 8. As part of the Answer, the individual Defendant asserted the defense of qualified immunity.

From December 2016 until 2019, the parties engaged in substantial discovery in litigating this case. At the end of the discovery process, Defendants made a comprehensive motion for summary judgment. Dkt. No. 101. That Motion was granted in part and denied in part by this Court after oral argument. Dkt. No. 132. The Court emphasized in its decision the existence of factual questions that precluded summary judgment. *Id.* at pp. 12-18. Defendants appealed that decision to the Second Circuit Court of Appeals, which on April 5, 2021, affirmed the decision of this Court and emphasized the existence of questions of fact. Dkt. No. 151. The matter was then

scheduled for trial. At the request of the parties, a settlement conference was held with the Court on August 4, 2021. As a result of that conference, an agreement to settle the matter for a lump sum of $1,550,000 was reached, pending authorization by the City of Troy, as well as approval by this Court.

Because this action involves the alleged wrongful death of Edson Thevenin, a formal motion to approve the settlement is required pursuant to New York Estates, Powers, and Trust Law ("EPTL") § 5-4.6, and New York Surrogate's Court Procedure Act § 2204. Regarding the proposed settlement, the Court has considered the total settlement of $1,550,000 and finds it to be an appropriate resolution of the matter after considering the merits of the action, as well as potential defenses. *See* EPTL 5-4.6(a). Having overseen discovery in this action, having heard oral argument and written an extensive decision regarding this use of deadly force and the police officer's qualified immunity defense, and having participated in a lengthy settlement conference, the Court is fully familiar with the facts of this case and the issues that would be presented were the matter to proceed to trial. Based upon that experience and having spoken extensively to Plaintiff Cinthia Thevenin, as well as counsel for the City of Troy, the Court concludes that the proposed settlement is one that is beneficial to all the parties and represents an appropriate resolution of this difficult case.

It is also the Court's obligation to review the proposed $500,000 in attorneys' fees requested by Plaintiff's counsel, together with reimbursement of $50,000 in litigation costs. Upon consideration of the Declaration of Steven Harfenist and the supporting documentation, the Court approves the amount of fees and expenses, which are consistent

with the retainer agreement entered into by Mrs. Thevenin, as well as this Court's observation of the substantial amount of work put into this matter by her attorneys.

Finally, counsel for the Plaintiff requests that the application for approval of settlement, together with the Court's order, be filed under seal to protect the identity of the Thevenin children, as well to prevent disclosure of specific banking and investment information. For good cause shown, the Court grants that request in part, and therefore will issue a separate Order under seal approving of the specific disbursement, investment, and tax information that can be provided to banking institutions with the necessary directives. The Court will also file the Plaintiff's Motion under seal. *See Alicia B. Through Cynthia B. v. Malloy*, 2016 WL 9782480, at *1 (D. Conn. Dec. 20, 2016) (recognizing a significant public policy interest favoring protecting the interest of minors and their privacy where sensitive settlement information is concerned).

**ACCORDINGLY**, it is hereby

**ORDERED**, that this application to compromise and settle the Plaintiff's claims and the entire lawsuit for the total sum of $1,550,000.00 be and the same hereby is granted; and it is further,

**ORDERED**, that the entire lawsuit has been settled for the total sum of $1,550,000.00 to be paid by the Defendant, the City of Troy; and it is further,

**ORDERED**, that Cinthia Thevenin individually and as Administratrix of the Estate of Edson Thevenin, and on behalf of the infants N.T. and Z.T., is authorized to compromise and settle the instant lawsuit as against the above-named defendants for the

sum of $1,550,000.00 and said Administratrix is further authorized to execute and deliver any and all documents as may be required to effectuate said settlement; and it is further,

**ORDERED**, that upon complying with the terms of this decree, the said Administratrix is hereby released and discharged from any further liability as to all matters embraced in this decree and accounts shall be marked settled; and it is further

**ORDERED**, that the City of Troy and the Estate of Randall French are released upon satisfaction of the Release obligations; and it is further

**ORDERED**, that the requirements of Local Rules 17.1 and 68.1 have been satisfied, and that following due inquiry, the Court has good cause to dispense with certain requirements of New York Civil Practice Law and Rules 1207 and 1208; and it is further

**ORDERED**, that the Court has determined, after due inquiry as to all charges against the amount recovered, that the fees and disbursements of Plaintiff's attorneys are reasonable and proper charges against the settlement proceeds, based on the work that was performed and the total amount recovered; and it is further

**ORDERED**, that the distribution of the balance of the proceeds of this settlement as set forth herein to the Plaintiff and the infant beneficiaries N.T. and Z.T. is hereby deemed to be in the best interests of the infant beneficiaries and the best protection for their interests, considering their ages and familial circumstances and the reasonable and proper charges against the settlement proceeds, as well as the structure of the

disbursements over time and the total amount recovered.

Dated: December 2, 2021
Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge